148 So.2d 64 (1963)
Thomas L. BROOKS, Fred T. Woolverton, Sr., William Barnes and Ben A. Parks, Appellants,
v.
ANASTASIA MOSQUITO CONTROL DISTRICT, a Public Corporation, Appellee.
No. D-326.
District Court of Appeal of Florida. First District.
January 3, 1963.
*65 Ragland, Kurz, Toole & Martin, Jacksonville, for appellant.
Willard Howatt, St. Augustine, for appellee.
Carlton Maddox and Bjarne Anderson, Jr., Jacksonville, amici curiae.
RAWLS, Judge.
Plaintiff-appellants, freeholders of Precinct No. 2 (Ponte Vedra Beach), St. Johns County, filed their complaint against the defendant-appellee, Anastasia Mosquito Control District, seeking the construction of F.S. § 388.211, F.S.A., relative to the procedure for elimination of the geographical area of said precinct from the boundaries of the district. The chancellor dismissed the complaint with leave to amend. Appellants elected not to amend and brought this appeal.
Chapter 388, Florida Statutes, provides for the procedure to be followed in establishing a mosquito control district and for the changing of its boundaries. Appellants by their complaint alleged that a district was established by election which included their precinct, even though the electorate in Precinct No. 2 voted against the proposal; in September of 1961, more than 15% of the freeholders petitioned the Mosquito Control District Commissioners requesting that body to file a petition with the County Commissioners to call an election in accordance with the provisions of said Chapter; and the District Commissioners refused said request. Significantly, *66 the complaint failed to allege abuse of discretion on the part of the District Commissioners.
Appellants took the position that Chapter 388 as a whole does not vest any discretion in the District Commissioners, and that it was their mandatory duty to file the freeholders' petition with the Board of County Commissioners. The crux of this appeal involves the construction of the particular provisions of Chapter 388 pertaining to the forming of districts and changing of boundaries.
Section 388.211 is entitled "Change in District Boundaries" and reads as follows:
"The board of commissioners of any district may, for and on behalf of said district or the owners of real estate within or without said district, file a petition with the board of county commissioners in each county having land within said district, requesting it to call an election of the qualified electors of the territory affected to determine whether or not the boundaries of the district shall be extended to include lands described in the petition, or ask that certain lands be eliminated therefrom, or that the boundary lines of the district be changed in any manner. When such a petition is filed, the board of county commissioners shall conduct an investigation and call an election as provided for in this chapter for the creation of districts. If the result of election favors the change in boundary, the board of county commissioners shall amend its order creating the district to include the change in boundary."
Appellants contend that the word "may" as used in this section must be construed to mean "shall" inasmuch as the Board of County Commissioners are exclusively vested with any and all discretion in the matter. We do not agree. In statutory construction it has been consistently held that statutes must be given their plain and obvious meaning.[1] It must be assumed that the Legislature of this state must know the plain and ordinary meaning of words and that the word "may" when given its ordinary meaning, denotes a permissive term rather than the mandatory connotation of the word "shall".[2] It is interesting to note that in other provisions of the same chapter, which are definitely mandatory, the Legislature used the word "shall". If the Legislature had meant to say "shall" we think it would have so provided.
Appellants base their contentions to a great extent upon the proposition that if 15% of the freeholders are permitted to petition the County Commissioners to create a district with the power of taxing their property, then the statutes should be construed so as to permit 15% of said freeholders to petition the same body in an effort to hold an election and let them out of the district. This is a logical contention; however, such an argument is more properly directed to the legislative branch of government. It is not the function of the judicial branch to supply omissions of the Legislature or place a construction on a statute which will mean a departure from the natural meaning of the language used.[3]
Finally, appellants contend that the chancellor erred in not requiring the District Commissioners to make findings of fact as a basis for the exercise of discretion by them if he should find that any discretion is vested in the commissioners. As stated at the outset, the gist of appellants' complaint was to the effect that the District Commissioners possessed no discretion The chancellor afforded appellants the opportunity to amend their complaint and they *67 were free to frame allegations directed toward any arbitrary conduct they thought the District Commissioners had demonstrated. They elected not to so frame this challenged issue. It is axiomatic that appellants cannot on this appeal for the first time urge an issue that was not presented to the chancellor by the pleadings.
The other point mentioned by appellant is without merit. Finding no error in the proceedings, we, therefore, affirm
CARROLL, DONALD K., C.J., and McLANE, R.M., Associate Judge, concur.
NOTES
[1] Maryland Casualty Co. v. Sutherland, 125 Fla. 282, 169 So. 679 (1936).
[2] Florida State Racing Comm. v. Bourquardez, 42 So.2d 87 (Fla. 1949).
[3] State ex rel. Harris v. King, 137 Fla. 190, 188 So. 122 (1939).