QUESTION: Does the State Fire Marshal have statutory authority and responsibility for requiring the installation of fire extinguishing equipment in condominiums and cooperative apartments?
SUMMARY: The State Fire Marshal is authorized by s. 633.081, F. S., as amended by Ch. 75-151, Laws of Florida, to inspect at any reasonable hour any building or premises (including condominiums and cooperative apartment buildings), except the interiors of individual dwellings, and after inspection if he should find that any such building or structure inspected lacks sufficient fire escapes, alarm apparatus, or fire extinguishing equipment, or is in need of repair or is in a dilapidated condition or from any other cause is especially liable to fire and situated so as to endanger life or property, he may order the same remedied or removed within a reasonable time. Section 633.01, F. S., designates the head of the Department of Insurance as State Fire Marshal who shall enforce all laws and provisions of that chapter relating to: (1) Prevention of fires; * * * * * (3) Installation and maintenance of fire alarm systems and fire-extinguishing equipment. The Florida Building Codes Act of 1974, s. 553.70 et. seq., F. S. (1974 Supp.), as amended by Ch. 75-111, Laws of Florida, creates and establishes the State Minimum Building Codes. Pursuant to s. 553.80, as amended by Ch. 75-111, jurisdiction for the enforcement of the Interim State Building Codes and the State Minimum Building Codes lies with local enforcement agencies — counties and municipalities, enforcement districts as specified in and established under s. 553.80, and state agencies with statutory authority to regulate building construction. As to the state enforcement agency — the Department of General Services — see AGO 075-170, holding that a county is not authorized or required to enforce the Interim State Building Code or the State Minimum Building Codes against the buildings of the state or its agencies; as to the Uniform Building Code for Public Educational Facilities and the enforcement thereof, see AGO 075-98; and cf. s. 255.25(3), F. S., as to state-owned or leased buildings. By s. 553.73(6), the Interim State Building Code is to be effective in all locations throughout the state no later than January 1, 1975, and the State Minimum Building Codes shall become effective no later than January 1, 1977, pursuant to s. 553.78(7). Sections 553.77 and 553.78(3), F. S. (1974 Supp.), as amended by Ch. 75-111, Laws of Florida, authorize the Board of Building Codes and Standards to promulgate the above-cited codes, providing for a segment to cover fire prevention therein. From the provisions of s. 553.80, supra, it is clear that the various local enforcement agencies and enforcement districts and the aforementioned state enforcement agency are the proper agencies to enforce the fire prevention provisions of the state building codes during the planning and construction or renovation phases of any building or structure (except as provided otherwise by the Uniform Code for Public Educational Facilities) in the state, cf. ss. 255.25(3) and633.085, F. S., as to state-owned or state-leased buildings. Section 633.05, F. S., as amended by Ch. 75-151, Laws of Florida, empowers the State Fire Marshal to make and promulgate all rules and regulations necessary to effectuate the enforcement of his powers and duties, including, but not limited to, the making and promulgation of rules and regulations for the: (1) Prevention of fires. * * * * * (3) Installation and maintenance of fire alarm systems and fire-extinguishing equipment. * * * * * (5) Construction, maintenance, and regulation of fire escapes. Under the provisions of s. 633.081, F. S., as amended by Ch. 75- 151, Laws of Florida, the State Fire Marshal and his agents shall, when they deem it necessary, inspect at any reasonable hour any and all buildings, equipment, and vehicular equipment on premises within their jurisdiction. See ss. 633.081(3) and 633.085, F. S., as to inspections of state-owned or leased buildings and facilities. Whenever they find that any building or structure inspected lacks sufficient fire escapes, alarm apparatus, or fire extinguishing equipment, or is in need of repair or is in a dilapidated condition or from any other cause is especially liable to fire and situated so as to endanger life or property, they may order the same removed or remedied within a reasonable length of time. Pursuant to s. 633.081(2), F. S., every fire safety inspection of the fire marshal shall be conducted by a person certified as having met the inspection training requirements set by the Division of State Fire Marshal of the Department of Insurance. Cf. s. 633.081(3)(a) relative to inspections of state department facilities by fire safety coordinators trained by the Division of State Fire Marshal. Condominiums and cooperative apartments are not excepted from the terms "any and all buildings" and "any building or structure" as employed in s. 633.081, supra, and in the absence of any other statutory exception or exemption, such buildings must be deemed to be within the regulatory powers vested in the fire marshal under s. 633.081, as amended. It is an established maxim of statutory construction that a statute is to be taken, construed, and applied in the form enacted. Blount v. State, 138 So. 2 (Fla. 1931). The use by the Legislature of a comprehensive term ordinarily indicates an intent to include everything embraced within the term. Florida State Racing Com. v. McLaughlin, 102 So.2d 574 (Fla. 1958); Florida Industrial Commission v. Growers Equipment Co., 12 So.2d 889 (Fla. 1943); State v. City of Jacksonville, 50 So.2d 532 (Fla. 1951). No exceptions having been made by any statute, none may be implied or written into the law. Dobbs v. Sea Isle Hotel, et al.,56 So.2d 341 (Fla. 1952); Interlachen Lakes Estates, Inc. v. Snyder,304 So.2d 433 (Fla. 1974). The Legislature must be assumed to know the meaning of words and to have expressed its intent by the use of the words found in the statute. Van Pelt v. Hilliard, 78 So. 693
(Fla. 1918); Brooks v. Anastasia Mosquito Control District,148 So.2d 64 (Fla.App., 1963). Section 509.2111(1), F. S., deals with the construction of apartment houses, town houses, and cooperative or condominium apartment buildings. This section in effect incorporates the Southern Standard Building Code, as amended (or the South Florida Building Code when applicable), while allowing local or district building codes which are substantially consistent therewith, or more stringent, to apply in those cases. The Southern Standard Building Code, Chapter III, s. 301.3(c), provides that every building shall be fire protected throughout as specified for the various types of construction in Chapter VI. Chapter VI of the code enumerates the various classifications of buildings by type of construction, along with the various structural requirements, materials, and assemblies which must be used to comply with the fire resistant standards of the code, and insures to the future occupants of the structures that the standards for fire protection have been built in. Chapter IV, s. 404.1, Southern Standard Building Code, provides that "[b]uildings in which families or households live or in which sleeping accommodations are provided, and all dormitories, shall be classified as Group A-Residential Occupancy. Group A-Residential Occupancy-shall include, among others, the following: Dwelling[,] Multiple Dwellings (more than two families) . . . ." Section 404.2, supra, entitled "Protective Requirements-Group `A' Occupancy," at subsection (6) provides for sprinklers and standpipes by referring to ss. 901 and 902, infra. Section 901.6(2) requires approved automatic sprinkler equipment to be installed in all buildings which do not have suitable access as set forth in s. 703.1. By the provisions of s. 703.1(a), every building except oneand twofamily dwellings which are not over two stories in height shall have various approved fire protectives. Section 902.1, supra, states that: Unless otherwise provided herein, standpipes, standpipe systems, hoses, water supply, pumps, connections, etc., shall be constructed and installed to meet the requirements of the standard for the installation of "Standpipe and Hose Systems, NFPA 14-1971," except that the single source of water supply, if reliable and capable of automatically supplying the required service, may be approved by the Building Official. Section 902.4, supra, provides that: In buildings requiring wet standpipes in accordance with s. 902.1 where in the opinion of the Building Official and the Chief of the Fire Department such constant and automatic water supply is not necessary because of the occupancy and type of construction, with their approval dry standpipes may be substituted for one or more of the required wet standpipes. Chapter 4A-3.04(1), Florida Administrative Code, states that it shall be the duty of the State Fire Marshal or his deputy to inspect, or cause to be inspected, all buildings and premises, except the interiors of dwellings, as often as may be necessary for the purpose of ascertaining and causing to be corrected any conditions liable to cause fire, endanger life from fire, or any violations of any other law or regulation affecting the fire hazard. From the foregoing authorities, it is clear that the fire marshal is empowered under s. 633.081, F. S., as amended by Ch. 75-151, Laws of Florida, to inspect at any reasonable hour any building or premises, except the interiors of individual dwellings, and after inspection if he should find that any building or structure inspected lacks sufficient fire escapes, alarm apparatus, or fire extinguishing equipment, or is in need of repair or is in a dilapidated condition or from any other cause is especially liable to fire and situated so as to endanger life or property, he may order the same removed or remedied within a reasonable time. Cf. AGO 068-91.