Jack M. Skelding Attorney for Florida Sheriffs Association Tallahassee
QUESTIONS:
1. Must police officer trainees who attended an approved training program at the expense of a municipality, state agency, or political subdivision and who terminate their employment on their own initiative within 1 year reimburse employing agency for the actual costs of their participation in such training programs?
2. Does a sponsoring municipality, state agency, or political subdivision have discretion as to whether to institute a civil action to collect such tuition costs incurred by trainees terminating employment within 1 year of such training programs?
SUMMARY:
A police officer trainee who attends an approved police training program at the expense of an employing municipality, state agency, or political subdivision and who terminates his employment on his own initiative with such employing agency within 1 year is required by law to reimburse the employing agency only for those charges paid by the employing agency to the police training school or program for instruction in the field of police education, police science, and allied fields for the training of police recruits or police officers and is not obligated to reimburse the employing agency for other costs such as ammunition used, quto expense, food expense, and salary during training. The employing municipality, state agency, or political subdivision is authorized but not required to institute a civil action to collect such charges or payment for instruction or tuition costs for attendance at approved training programs as may have been incurred by police trainees terminating employment on their own initiative within 1 year, if not reimbursed to the employing agency.
Section 943.10(1), F. S., defines a police officer to include `any person employed full-time by any municipality or the state or any political subdivision thereof whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, traffic or highway laws of this state.' Section 943.10(2), F. S., then defines `employing agency' to mean `any municipality or the state or any political subdivision thereof employing police officers as defined in (s. 943.10(1), F. S.).' Section 943.11, F. S., creates the Police Standards and Training Commission within the Department of Criminal Law Enforcement, which, pursuant to s.943.12, F. S., is empowered to establish uniform minimum standards for the employment and training of police officers and minimum curricular requirements for police training schools and programs.
The commission is also granted authority by s. 943.14(1), F. S., to `establish and maintain a police training program with such curriculum, and administered by such agencies and institutions, as it approves,' and to `issue a certificate of completion to any person satisfactorily completing the training program establish.' Specifically, s. 943.14(2), F. S., provides: `no person shall be employed as a police officer by any employing agency until he has obtained such certificate of compliance' is issued by the commission.
Your first question relates to the provision of s. 943.16, F. S., providing:
 (1) An employing municipality, state agency, or political subdivision of the state is authorized to pay any costs of tuition of trainees in attendance at approved training programs.
 (2) A trainee who attends such approved training program at the expense of a municipality, state agency, or political subdivision must remain in the employment of such municipality, state agency, or political subdivision for a period of not less than one year. If his employment is terminated on his own initiative within one year he shall reimburse the municipality, state agency, or political subdivision for his participation in such training program, and such municipality, state agency, or political subdivision may institute a civil action to collect such tuition costs if not reimbursed. (Emphasis supplied.)
By your letter you inquire whether a trainee who so terminates his employment is responsible for payment of such things as tuition, ammunition used on the firing range, auto expense, food expense, and salary during training or whether the training costs are only the money which is used directly from the education funds provided under s. 943.25(5), F. S.
As set forth above, s. 943.16, F. S., first authorizes the employing agency `to pay any costs of tuition of trainees in attendance at approved training programs' and then establishes an obligation on the part of such trainees terminating their employment on their own initiative within 1 year to reimburse the employing agency for their participation in such training programs. The section concludes by authorizing such agency `to institute a civil action to collect such tuition costs if not reimbursed.' (Emphasis supplied.) Cf. AGO 074-54. Additionally, the title of Ch. 74-386, Laws of Florida, enacting the provisions of s. 943.16, states that it is an act, `providing for payment of tuition by employing agency.' The statute is express only as to tuition costs. Tuition is the act or business of teaching the various branches of learning, Black's Law Dictionary, Rev'd 4th Ed.; teaching or instruction, the Random House Dictionary of the English Language, The Unabridged Edition. The word is also used to signify the price of, or payment for, instruction, Webster's New Collegiate Dictionary; the charge or fee for instruction, the Random House Dictionary, supra. Thus, the language employed in s.943.16, i.e., `costs of tuition' and `tuition costs,' in its common significance or usage refers to the charges made for instruction in the fields of police education, police science, police administration, and allied fields for the training of police recruits or police officers.
Florida courts apply the general principle of statutory construction that express mention of one thing implies the exclusion of another not mentioned. Thayer v. State, 335 So.2d 815
(Fla. 1976); Ideal Farms Drainage District v. Certain Lands,19 So.2d 234 (Fla. 1944). When the Legislature makes an express reference to one subject, presumably it considered and purposely omitted other related subjects. Dobbs v. Sea Isle Hotel,56 So.2d 341 (Fla. 1953). In s. 943.16, F. S., there are direct and specific references to `costs of tuition' and `tuition costs.' In contrast, s. 943.15, F. S., provides `the commission shall, subject to the availability of funds, reimburse an employing agency an amount equivalent to 50 percent of the salary, if any, and allowable living expenses of recruit trainees in attendance at approved training programs.' Based on the foregoing rules of construction and definitions, I conclude that the Legislature purposely omitted such things as salary and living expenses from the costs which must be reimbursed, and that police trainees who attend an approved training program at the expense of an employing agency and who terminate their employment on their own initiative within 1 year are required by the terms of s. 943.16 to reimburse the employing agency only for the charges made by the police training school or program for the instruction in the areas of police education and training aforementioned and paid for by the employing agency.
You question the impact of the provision of s. 943.25, F. S., relating to advanced and highly specialized training programs and their costs and funding, on an agency's right to such reimbursement. In respect to the advanced and specialized training programs for law enforcement officers established and supervised by the Division of Training and Standards, s. 943.25(2) provides `no fee or other charge shall be assessed against any person, municipality, sheriff, county or state law enforcement agency for the training, room or board of any person; said expenses to be borne by the state.' In addition, with respect to the authorized training and training facilities for training of police officers in police techniques in detecting crime, apprehending criminals, and securing and preserving evidence by any state university or community or other organization, s. 943.25(9)(b) states:
 All law enforcement officers selected by the various law enforcement agencies, if their selection is approved by the department, shall receive such training without cost.
From review of the other provision of s. 943.25, F. S., I must assume your inquiry is in reference to the provisions of s.943.25(5), providing that municipalities and counties may assess an additional $1 as court costs against persons convicted for violations of state penal or criminal statutes, or municipal and county ordinances, for law enforcement education expenditures for their respective law enforcement officers. Section 943.16, F. S., makes no reference to or provision for reimbursement or recovery by an employing agency of any of the expenses for the advanced specialized training programs enumerated in s. 943.25(2), and s.943.16(2) does not require such reimbursement by a trainee. In AGO 077-59, I observed that s. 943.25(2) was concerned with the state's liability for trainees' expenses and concluded:
 The state is statutorily required to provide for the training, room, and board of those police officers participating in special training programs established and supervised by the Division of Standards and Training as approved by the commission. The state's liability is limited to those expenses enumerated in s. 943.25(2). (Emphasis supplied.)
Additionally, s. 943.16(2) does not authorize an employing agency to institute a civil action to collect such expenses or any expenditures for law enforcement education which might have been made under s. 943.25(2) by the state or by the employing agency under s. 943.25(5). Further, s. 943.16(2) does not require reimbursement of any costs or expenses other than the charges or fees for instruction or tuition. Accordingly, I conclude that, had the Legislature intended to include such costs and expenses as those provided for in s. 943.25 within the purview of s.943.16(2), it would have done so explicitly. Therefore your first question, as stated, is answered in the negative.
Your second question concerns whether the last sentence of s.943.16, F. S., is mandatory in providing: `such municipalities, state agencies, or political subdivisions may institute a civil action to collect such tuition costs if not reimbursed.' (Emphasis supplied.) The word `may' generally has a permissive rather than a mandatory connotation. Fixel v. Clevenger, 285 So.2d 687 (3 D.C.A. Fla., 1973). By contrast, within s. 943.16, the Legislature provided trainees attending approved programs at the expense of municipalities `must remain in the employment of such municipality' and if terminating on own initiative within 1 year `shall reimburse the municipality,' yet it only authorized the employing agency to institute civil actions to collect such tuition costs by use of the language `may institute.' (Emphasis supplied.) Brooks v. Anastasia Mosquito Control District,148 So.2d 64, 66 1 D.C.A. Fla., 1963). Moreover, defining the word `may' as used in s. 943.16 is its permissive sense is consistent with the understanding that the determination to file a civil action to collect such costs necessarily involves an evaluation of a variety of factors including a weighing of benefits as well as costs and risks of recovery. Accordingly, I conclude that the determination to institute a civil action to recover tuition costs is discretionary on the part of the employing agency; that is, the employing agency is authorized, but not required in all circumstances, to bring such action. Cf. AGO 074-54 (in part concluding that employing agency is specifically authorized to institute a civil action to collect such costs). Accordingly, your second question is answered in the affirmative.
Prepared by: Thomas M. Beason Assistant Attorney General