William H. Ravenell Secretary Department of Community Affairs Tallahassee
QUESTION:
Does the reference to the Standard Building Code, 1976 edition, include those requirements for plumbing, mechanical, and gas construction which are published as separate documents and are commonly referred to as the `standard family of codes?'
SUMMARY:
The State Minimum Building Codes enumerated in s. 553.73(2), F. S., do not include the `Standard Family of Codes' promulgated by the Southern Standard Building Code Congress International, Inc.
Section 553.73(1) and (2), F. S., provides in pertinent part as follows:
 (1) By January 1, 1978, local governments and state agencies with building construction regulation responsibilities shall adopt a building code which shall cover all types of construction. Such code . . . shall be in addition to the requirements set forth in Chapter 527, which pertains to liquefied petroleum gas, and parts, I, II, and III of this chapter which pertain to plumbing, electrical, and glass construction standards, respectively.
 (2) There is hereby created the State Minimum Building Codes which shall consist of the following nationally recognized model codes:
(a) Standard Building Code, 1976 edition;
(b) National Building Code, 1976 edition;
(c) EPCOT Code, 1977 edition;
(d) One and Two Family Dwelling Code; [and]
(e) The South Florida Building Code, 1976 edition.
Each local government and state agency with building construction regulation responsibilities shall adopt one of the State Minimum Building Codes as its building code. If the One and Two Family Dwelling Code is adopted for residential construction, then one of the other recognized model codes must be adopted for the regulation of other residential and nonresidential structures. The State Minimum Building Codes shall include the provisions of part V relating to accessibility by handicapped persons. (Emphasis supplied.)
It will be noted from an examination of the italicized language of s. 553.73(1), supra, that the State Minimum Building Codes are in addition to the requirements set forth in Ch. 527 and the construction standards set forth in parts I, II, and III of Ch. 553, F. S. Chapter 527, F. S., sets forth certain requirements and restrictions regarding the sale and handling of liquefied petroleum gas, as defined in s. 527.01(1), F. S. Part I of Ch. 553, F. S., is the `Florida Plumbing Control Act of 1951,' s. 553.01, F. S., and, by the provisions of s. 553.06, F. S.,
 Chapter VIII of the Florida State Sanitary Code of the Department of Health and Rehabilitative Services, adopted in accordance with chapter 381, is hereby adopted as the State Plumbing Code . . . . (Emphasis supplied.)
Part II of Ch. 553, F. S., sets forth the `Florida Electrical Code.' Section 553.15, F. S. (Part III of Ch. 553, F. S., not pertinent to your question, pertains to `the use of safety glazing materials in all glass doors, bathtub and shower enclosures, and hazardous locations in all phases of construction . . . .' Section 553.24, F. S.) It is clear that the Legislature has intended for the State Minimum Building Codes set forth in s. 553.73(2), supra, to be in addition to the provisions of Ch. 527 and of parts I, II, and III of Ch. 553, F. S., which pertain to liquefied petroleum gas, the State Plumbing Code, the Florida Electrical Code, and the use of safety glazing materials in connection with construction involving glass, respectively. See title to Ch. 77-365, Laws of Florida, the first section of which act amended s. 553.73(1) and (2), F. S., as set forth above, said title reading in pertinent part as follows:
 AN ACT relating to building codes; . . . requiring that, by a certain date, local governments and state agencies which regulate building construction shall adopt one of certain model building codes designated as the State Minimum Building Codes, including provisions of state law on accessibility by handicapped persons in addition to certain state laws regulating liquefied petroleum gas, plumbing, electrical, and glass construction . . . . (Emphasis supplied.)
Therefore, I am of the opinion that the State Minimum Building Codes enumerated in s. 553.73(2), F. S., are in addition and supplementary to the above-cited state laws `regulating liquefied petroleum gas, plumbing, electrical and glass construction,' which state laws provide the basic source of reference for, inter alia, gas, plumbing, electrical, and glass construction standards. Had the Legislature intended to include the `Standard Family of Codes' in the operation of s. 553.73, F. S., it would have done so by express language to that effect; instead, the Legislature chose the precise term `Standard Building Code, 1976 edition,' to effectuate its intent. The precise words appearing in a constitutional or statutory provision must be taken to express the intent of such provisions where that is at all possible. E.g., Thayer v. State, 335 So.2d 815, 816-817 (Fla. 1976); City of Tampa v. Birdsong Motors, Inc., 261 So.2d 1, 5 (Fla. 1972); Brooks v. Anastasia Mosquito Cont. Dist., 148 So.2d 64, 66 (1 D.C.A. Fla., 1963).
Section 553.73(6), F. S., referred to in your letter, merely provides in pertinent part that, upon adoption of one of the State Minimum Building Codes, the municipality, county, or state agency adopting same may, in its determination, divide such code into a number of segments. `These segments may be identified as building, mechanical, electrical, plumbing, and fire prevention codes, or by other titles as are deemed proper.' Section 1, Ch. 77-365, Laws of Florida, brought forward in pertinent part as s. 553.73(6), F. S. The aforementioned subsection thus provides for a discretionary segmentation of the State Minimum Building Code which is adopted by a given municipality, county, or state agency; it does not on its face provide any authority to include or exclude any substantive portion of the code which such municipality, county, or state agency has chosen to adopt.
Your question is answered in the negative.
Prepared by: Sharyn L. Smith, Assistant Attorney General
Dennis J. Wall Legal Research Assistant