Mr. Richard V. S. Roosa Attorney for the City of Sanibel Code Enforcement Board
QUESTIONS:
1. Is a municipal code enforcement board's jurisdiction limited to reviewing only property owners' alleged violations of the city code?
2. Is the lien provided under s. 166.059, F.S., valid only against the property on which the violation occurred?
SUMMARY:
Unless and until legislatively or judicially determined otherwise, a municipal code enforcement board, duly established under part I of ch. 166, F.S. (1980 Supp.), has jurisdiction over whomever the terms of a particular underlying municipal ordinance allegedly being violated apply or are directed against and may include property owners or nonproperty owners within the incorporated area who are subject to the codes enumerated in s. 166.052. The order which may be recorded in the public records in accordance with s. 166.059 may constitute a lien against only the land on which a violation exists; the validity or legal effect, however, of any such recorded lien is a judicial question.
The Municipal Code Enforcement Boards Act, codified as part I of ch. 166, F.S., was enacted by the 1980 Legislature as ch. 80-300, Laws of Florida. This Act authorizes each municipality in Florida, at its option, to create by ordinance a code enforcement board to enforce the various occupational license, fire, building, zoning, sign, and other related technical codes in force in the municipality.
AS TO QUESTION 1:
Section 166.053(1), F.S. (1980 Supp.), provides, in pertinent part, that `[t]his act shall apply to the incorporated areas of every municipality.' You question whether a code enforcement board's jurisdiction is limited to reviewing only property owners' alleged violations of the various municipal codes enumerated in s. 166.052 to the exclusion of nonproperty owners' alleged violations within the incorporated area.
The answer to this question will necessarily turn upon an examination of the wording of the particular municipal ordinance allegedly being violated to determine who the ordinance charges the responsibility of compliance, i.e., who the ordinance applies to or is directed against. Throughout the Municipal Code Enforcement Boards Act, the Legislature refers to a `violator.'See ss. 166.056(2), 166.057(3), 166.058(2) and 166.059, F.S. (1980 Supp.). Thus, in order to determine who may be a `violator' within the purview of the Act and therefore subject to the jurisdiction of the code enforcement board, it is necessary in each instance to resort to the terms of the underlying ordinance. If the ordinance addresses only the property owner, then the board will only have jurisdiction over the property owner in enforcing that particular ordinance. However, if a given underlying ordinance applies to or is couched in more general terms which can be properly construed to include a nonproperty owner, such as a lessee or occupant of realty, then the board has jurisdiction over nonproperty owners within the incorporated area who are subject to and have allegedly violated that municipal code.
My examination of the legislative history behind enactment of the Act discloses no intent on the part of the Legislature that the board's jurisdiction be limited to only property owners' alleged violations of the enumerated codes thus excluding from its jurisdiction nonproperty owners' violations of designated codes that apply or may apply to nonproperty owners. The Municipal Code Enforcement Boards Act was intended to provide for municipalities `an equitable, expeditious, effective, and inexpensive method' of enforcement of the enumerated codes through the use of code inspectors and the code enforcement boards. See s. 166.052, F.S. (1980 Supp.), and Staff Analysis, Committee on Community Affairs, House of Representatives, January 24, 1980. To interpret the Act as providing for an `equitable, expeditious, effective, and inexpensive method' of enforcement only for violations committed by property owners appears to me to be in contravention of the express intent of the Legislature especially when the terms of the underlying municipal ordinance apply or can be properly construed to apply to nonproperty owners within the incorporated area.
AS TO QUESTION 2:
Secondly, you question whether the lien which may be recorded under s. 166.059, F.S. (1980 Supp.), is `valid only against the land on which the violation occurred.' Initially, it must be emphasized that the question regarding the `validity' of a claim of title to, or an interest in or encumbrance on property is one of mixed fact and law for judicial inquiry in an appropriate proceeding brought in court. It therefore cannot express any opinion regarding the `validity' or legal effect of any such lien recorded in the public records.
Section 166.059, F.S. (1980 Supp.), provides as follows:
 The enforcement board, upon notification by the code inspector that a previous order of the enforcement board has not been complied with by the set time, may order the violator to pay a fine not to exceed $500 for each day the violation continues past the date set for compliance. A certified copy of an order imposing a fine may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists. After I year from the filing of any such lien which remains unpaid, the enforcement board may authorize the city attorney to foreclose on the lien. (Emphasis supplied.)
The section quoted above specifically provides that a certified copy of an order imposing a fine may be recorded in the public records and thereafter shall constitute a lien against the land onwhich the violation exists. It is a general principle of statutory construction that the mention of one thing implies the exclusion of another; expressio unius est exclusio alterius. Hence, where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned. Thayer v. State, 335 So.2d 815 (Fla. 1976); Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944). By the Legislature's statement that the recorded order shall constitute `a lien against the land on which the violation exists,' the implication is that the recorded order cannot constitute a lien against any other property other than on the `land on which the violation exists.'
It should be noted that s. 166.059, F.S. (1980 Supp.), states that `[a] certified copy of an order imposing a fine may be recorded . . . .' (Emphasis supplied.) The word `may' when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word `shall.' Fixel v. Clevenger, 285 So.2d 687
(3 D.C.A. Fla., 1973); Brooks v. Anastasia Mosquito Control District, 148 So.2d 64 (1 D.C.A. Fla., 1963). It is therefore not mandatory that the enforcement board record its order imposing a fine; the board is merely granted the discretionary authority to record if it sees fit to do so. It should also be noted that the discretionary authority to record its order in the public records granted in s. 166.059 is in addition to the power of the enforcement board to issue orders affording the proper relief consistent with powers granted the board and to issue orders having the force of law commanding whatever steps are necessary to bring a violation into compliance. See ss. 166.057(4) and 166.058(5), F.S. (1980 Supp.).
Prepared by: Linda Lettera, Assistant Attorney General