428 So.2d 312 (1983)
HIALEAH, INC., a Florida Corporation, Appellant,
v.
GULFSTREAM PARK RACING ASSOCIATION, INC., a Florida Corporation, State of Florida Department of Business Regulation, Division of Pari-Mutuel Wagering; and State of Florida Department of Business Regulation, Florida Pari-Mutuel Commission, Appellees.
Nos. 82-703, 82-946.
District Court of Appeal of Florida, Fourth District.
March 16, 1983.
*313 Edward S. Jaffry of Horne, Rhodes, Jaffry, Horne & Carrouth, Tallahassee, for appellant.
David S. Romanik of Landefeld & Romanik, Hollywood, for appellee, Gulfstream Park Racing Ass'n, Inc.
Elliott H. Henslovitz, Staff Atty., Miami, for Div. of Pari-Mutuel Wagering, Dept. of Business Regulation.
DELL, Judge.
Hialeah, Inc. appeals from an administrative action awarding the most lucrative winter thoroughbred racing dates in the 1982-1983 season to Gulfstream Park Racing Association, Inc.
Hialeah and Gulfstream both requested the second racing period of the 1982-1983 season, which began on January 8, 1983. After a January 21, 1982 hearing on the applications, the Pari-Mutuel Commission voted to award the second racing period to Gulfstream and the third period to Hialeah. The Division of Pari-Mutuel Wagering issued the appropriate licenses to Hialeah and Gulfstream on February 15, 1982. The Pari-Mutuel Commission entered its detailed final order on April 22, 1982. Hialeah appeals both the license and the final order in these consolidated cases.
Hialeah presents two points on appeal. First, Section 550.081, Florida Statutes (1980) which authorizes the allocation of the winter racing periods, constitutes an unlawful delegation of legislative power to the executive branch in violation of Article II, Section 3 of the Florida Constitution. Second, the Commission erred in awarding the second racing period to Gulfstream. We agree with appellant on its first point but find no error on the second point.
The Florida Constitution provides in Article II, Section 3 that
The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.
The legislative branch may not delegate the power to declare what the law shall be. Conner v. Joe Hatton, Inc., 216 So.2d 209 *314 (Fla. 1968). "[S]tatutes granting power to administrative agencies must clearly announce adequate standards to guide the agencies in the execution of the powers delegated." Lewis v. Bank of Pasco County, 346 So.2d 53, 55 (Fla. 1977). The Florida Supreme Court reaffirmed the vitality of the nondelegation doctrine in Askew v. Cross Key Waterways, 372 So.2d 913 (Fla. 1978).
[A]dministration of legislative programs must be pursuant to some minimal standards and guidelines ascertainable by reference to the enactment establishing the program.
Id. at 925.
In enacting Chapter 80-57, the Legislature deleted from Section 550.081 the prior standard that directed the Commission to "take into account the ability of all winter permit holders to maximize handle throughout the entire racing season so as to generate overall the maximum state revenues from winter permit holders collectively." All parties concede that Section 550.081, as presently enacted, contains no guidelines or standards for allocating contested racing periods. However, the Commission contends that the allocation of racing periods falls within one of two recognized exceptions to the nondelegation doctrine as a police power or licensure statute.
A statute enacted pursuant to the state's police power may not constitutionally delegate legislative authority in the absence of any standards.
It is not necessary for the legislature, in conferring authority on a tribunal to be charged with some aspect of the police power, to prescribe specific rules of action. Permenter v. Younan, 159 Fla. 226, 31 So.2d 387 (1947). But the discretion that is granted to such an agency must be sufficiently governed by legislative standards as to constitute a judicially reviewable discretion. North Broward Hospital District v. Mizell, 148 So.2d 1 (Fla. 1962); Hutchins v. Mayo, 143 Fla. 707, 197 So. 495 (1940).
Florida State Board of Architecture v. Wasserman, 377 So.2d 653, 656 (Fla. 1979).
A licensure statute, even in the pari-mutuel area, must still contain sufficient legislative standards for judicial review of agency action to insure compliance with legislative intent. Solimena v. State, Dept. of Business Regulation, 402 So.2d 1240, 1245 (Fla. 3d DCA 1981), petition for review denied, 412 So.2d 470 (Fla. 1982). The complete absence of standards of any kind in the present Section 550.081 makes it impossible for this or any other reviewing court to determine whether the Commission is carrying out the intent of the legislature. Section 550.081 cannot qualify under either the police power or the licensure exception to the nondelegation doctrine.
The Commission contends lastly that it is governed by the standards set forth under decisions of the Florida Supreme Court which have been implicitly adopted by the legislature in re-enacting the statute. During the past twelve years the legislature has substantially modified Section 550.081, including the removal of any standards from the statute in 1980. Therefore, we are unable to discern any implicit intent on the part of the legislature to adopt any of the standards announced by the judiciary prior to the 1980 revision of 550.081.
Accordingly, we hold Section 550.081, Florida Statutes (1980) unconstitutional under the nondelegation of legislative power doctrine. Since the second winter racing period of 1982-1983 is already completed, we apply this ruling of unconstitutionality prospectively to avoid substantial inequity to Hialeah and Gulfstream. Prospective application will give the legislature, if it is so inclined, time to enact standards in Section 550.081 to guide the Commission in allocating the 1983-1984 winter racing periods. We express no opinion on what standard should be adopted by the legislature. We have confidence that the parties to this appeal and others will make their views on any proposed standards known.
Hialeah asserts, as an alternative, that the evidence fails to support the Commission's award of the second period racing dates to Gulfstream. The record contains *315 substantial competent evidence to support the Commission's decision.
Accordingly, we affirm the Commission's actions in awarding the second racing period in the 1982-1983 winter thoroughbred racing season to Gulfstream and the third racing period to Hialeah. We hold Section 550.081, Florida Statutes (1980) unconstitutional as violative of the nondelegation doctrine. This ruling will apply prospectively only.
AFFIRMED.
DOWNEY and BERANEK, JJ., concur.