The Honorable Warren Roddenberry Sheriff, Franklin County Post Office Box 638 Eastpoint, Florida 32328
Dear Sheriff Roddenberry:
You ask substantially the following question:
What effect does the nonpayment of incentive pay to law enforcement officers as prescribed by section 943.22, Florida Statutes, have on the county's eligibility to participate in revenue sharing?
In sum:
Failure to pay the salary incentive to eligible county law enforcement officers would render the county ineligible to participate in revenue sharing beyond the minimum entitlement for the fiscal year in which the county fails to certify that it meets the minimum requirements in section 218.23, Florida Statutes.
You state that the county commission has asked you to delete incentive pay for your certified deputies as a budgetary item for the next fiscal year. The commission has asked you to specify exactly what revenues would be jeopardized by its failure to include the incentive pay in your budget.
Section 218.23, Florida Statutes, sets forth the eligibility requirements for units of local government to participate in revenue sharing beyond the minimum entitlement. Relative to your inquiry, section 218.23, Florida Statutes, in part, provides:
(1) To be eligible to participate in revenue sharing beyond the minimum entitlement in any
fiscal year, a unit of local government is required to have:
* * *
(d) Certified that persons in its employ as law enforcement officers, as defined in s. 943.10(1), meet the qualifications for employment as established by the Criminal Justice Standards and Training Commission; that its salary structure and salary plans meet the provisions of chapter 943; and that no law enforcement officer is compensated for his services at an annual salary rate of less than $6,000. However, the department may waive the minimum law enforcement officer salary requirement if a city or county certifies that it is levying ad valorem taxes at 10 mills.
The statute defines "unit of local government" to mean "a county or municipal government. . . ."[1] A county, therefore, in order to be eligible to participate in revenue sharing beyond the minimum entitlement in any fiscal year, is required to certify that it complies with the salary provisions in Chapter 943, Florida Statutes. Pertinent to your question, section 943.22(2), Florida Statutes, provides:
(a) A basic salary incentive shall be paid to any law enforcement officer who was entitled to such payment under this paragraph as it existed immediately prior to October 1, 1984.[2] (b) Any full-time officer who has a community college degree or equivalent shall receive the sum of $30 per month in the manner provided for in paragraph (h). (c) Any full-time officer who receives a bachelor's degree shall receive an additional sum of $50 per month in the manner provided for in paragraph (h). (d) Any full-time officer who completes 480 hours of approved career development program training courses on or before June 30, 1985, shall receive the sum of $120 per month. . . . (e) The maximum aggregate amount which any full-time officer may receive under this section is $130 per month. No education incentive payments shall be made for any state law enforcement or correctional position for which the class specification requires the minimum of a 4-year degree, or higher.
The statute clearly sets forth the factors that make a law enforcement officer eligible for a salary incentive. Use of the word "shall" in prescribing the payment of salary incentives to eligible law enforcement officers would appear to make its provisions mandatory.[3]
In Attorney General Opinion 85-15, this office addressed the authority of the Department of Revenue (department) to withhold revenue sharing funds, beyond the minimum entitlement, if a municipality failed to certify compliance with section 633.382, Florida Statutes. That statute requires the payment of supplemental compensation to eligible firefighters. As is the case with salary incentives for eligible law enforcement officers, section218.23(1)(e), Florida Statutes, requires certification of compliance with section 633.382, Florida Statutes, in order for a county or municipality to receive revenue sharing funds beyond the minimum entitlement. The opinion concluded that failure of a municipality to certify compliance with the firefighters' supplemental compensation requirements in section 633.382, Florida Statutes, would render it ineligible to participate in revenue sharing beyond the minimum entitlement.
The rationale and analysis in Attorney General Opinion 85-15 would appear applicable to the situation you set forth. Accordingly, I am of the opinion that the failure of a county to certify its compliance with the salary incentive provisions in section 943.22, Florida Statutes, for eligible law enforcement officers in its employ would make the county ineligible to receive revenue sharing funds beyond the minimum entitlement.
The "[m]inimum entitlement" of a county or municipality is
the amount of revenue as certified by a unit of local government and determined by the department, which must be shared with a unit of local government so that such unit will receive the amount of revenue necessary to meet its obligations as a result of pledges or assignments or trusts entered into which obligated funds received from revenue sources or proceeds which by terms of this act shall henceforth be distributed out of revenue sharing trust funds.[4]
Thus, minimum entitlement depends upon a county's certifying and the department's determining the amount of revenue needed to pay obligations that were secured by revenue sharing trust fund payments to the county. Limitations on the use of shared revenue funds by counties to secure debts is addressed in section 218.25, Florida Statutes.[5] The statute limits a county to using only its guaranteed entitlement[6] and second guaranteed entitlement[7] as security for indebtedness it may incur. As explained in the 1993 Local Government Financial Information Handbook (LGFI Handbook), provided by the Department of Revenue, all eligible counties "receive at least their minimum entitlement which is the amount necessary to cover the debt service for bonds pledged using the first or second guaranteed entitlements."[8]
After the minimum entitlements are calculated for all counties, the funds remaining in the trust are distributed to those counties eligible to receive additional moneys beyond the guaranteed entitlement.[9] Accordingly, as discussed above, a county that fails to certify its compliance with the requirements in section218.23, Florida Statutes, would be ineligible to receive these additional moneys.
For the fiscal year 1993-1994, the LGFI Handbook estimates for Franklin County a first guaranteed entitlement of $18,862 and a second guaranteed entitlement of $41,026.[10] Additional moneys designated as "growth money" available to Franklin County, due to its certification of compliance with section 218.23, Florida Statutes, amount to $95,547.[11] While this office is unable to estimate the amount of additional funds that may be available if Franklin County is deemed eligible for fiscal year 1994-1995, it would appear that for the current fiscal year, had Franklin County not certified its compliance with the requirements for receiving additional funds, it would have been ineligible to receive at least the estimated amount of $95,547.[12]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 218.21(1), Fla. Stat. (1993), states, "[u]nit of local government means a county or municipal government and shall not include any special district as defined in part III."
[2] Section 943.22(2)(a), Fla. Stat. (1983), the statute in effect immediately prior to October 1, 1984, provided:
Each law enforcement officer who meets basic certification shall receive a sum not exceeding $25 per month in the manner provided for in paragraph (h). Any person initially certified and employed or appointed as a law enforcement officer as defined in s. 943.10(1) on or after July 1, 1980, and any person employed or appointed as a correctional officer as defined in s. 943.10(2) on or after July 1, 1981, shall not be eligible to receive basic salary incentive moneys; however, an officer whose employment certificate has been reactivated after a period of inactivity shall be eligible for basic salary incentive moneys if such officer was eligible for basic salary incentive moneys during his employment with the previous employing agency. Nothing contained in this subsection shall preclude an otherwise eligible officer from participating in, and receiving benefits of, career development and educational salary incentive benefits under this section unless specifically prohibited in this section.
[3] See, Brooks v. Anastasia Mosquito Control District,148 So.2d 64, 66 (Fla. 1st DCA 1963) (use of word "shall" has mandatory connotation).
[4] Section 218.21(7), Fla. Stat. (1993).
[5] Section 218.25, Fla. Stat. (1993), provides:
(1) Except as provided in subsection (2) with respect to the second guaranteed entitlement for counties, local governments shall not use any portion of the moneys received in excess of the guaranteed entitlement from the revenue sharing trust funds created by this part to assign, pledge, or set aside as a trust for the payment of principal or interest on bonds, tax anticipation certificates, or any other form of indebtedness, and there shall be no other use restriction on revenues shared pursuant to this part. . . . (2) The second guaranteed entitlement for counties for the payment of principal or interest on bonds, tax anticipation certificates, or any other form of indebtedness, including obligations issued to acquire an insurance contract or contracts from a local government liability pool and including payments required pursuant to any loan agreement entered into to provide funds to acquire an insurance contract or contracts from a local government liability pool.
[6] Section 218.21(6), Fla. Stat. (1993), states:
"Guaranteed entitlement" means the amount of revenue which must be shared with an eligible unit of local government so that: (a) No eligible county shall receive less funds from the Revenue Sharing Trust Fund for Counties in any fiscal year than the amount received in the aggregate from the state in fiscal year 1971-1972 under the provisions of the then existing s. 210.20(2)(c), tax on cigarettes; s. 323.16(4), road tax; and s. 199.292(4), tax on intangible personal property.
[7] Section 218.21(10), Fla. Stat. (1993), defines "[s]econd guaranteed entitlement for counties" as
the amount of revenue received in the aggregate by an eligible county in fiscal year 1981-1982 under the provisions of the then existing s. 210.20(2)(a), tax on cigarettes, and s. 199.292(4), tax on intangible personal property, less the guaranteed entitlement. For any fiscal year, each eligible county shall be entitled to receive the second guaranteed entitlement for counties from the Revenue Sharing Trust Fund for Counties. The second guaranteed entitlement for counties shall be deemed separate and apart from the guaranteed entitlement and shall not be deemed to be a part of the guaranteed entitlement for purposes of any indenture, contract, or pledge to holders of obligations issued by any county.
[8] 1993 Local Government Financial Information Handbook, p. 58.
See also, section 218.23(2)(a)-(e), Fla. Stat. (1993), setting forth the distribution formula for revenue sharing funds.
[9] See, s. 218.23(e), Fla. Stat. (1993).
[10] 1993 Local Government Financial Information Handbook, p. 72.
[11] Id.
[12] Depending upon the amount of shared revenue funds used to secure the county's indebtedness, a situation may arise in which Franklin County has used less than the total amount of its first and second guaranteed entitlements to secure indebtedness, resulting in a minimum entitlement less than the sum of the first and second guaranteed entitlement.