ANDREW S. PATTERSON v. STATE.

175 So. 730.
Opinion Filed May 19, 1937.
Rehearing Denied July 26, 1937.

*John B. Singeltary* and *J. Irvin Walden,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

BUFORD, J.—The plaintiff in error was convicted of manslaughter under an information in two counts. Motion was made to quash the information.

The charging part of the first count of the information is as follows:

"That Andrew S. Patterson late of the County and State aforesaid on the 4th day of July in the year of our Lord One Thousand Nine Hundred and Thirty-five, in the County and State aforesaid, did unlawfully, by and through his own act, procurement and culpable negligence operate a certain Packard automobile in such a negligent, careless and reckless manner as to run upon and against Shirley Guthrie, with such force and violence as to inflict in and upon the person of Shirley Guthrie, certain mortal injuries of which mortal injuries the said Shirley Guthrie then and there died, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida."

The charging part of the second count was as follows:

"That Andrew S. Patterson, late of the County and State aforesaid, on the 4th day of July, A. D. 1935, in the County and State aforesaid, did unlawfully, while intoxicated by the use of alcoholic liquor, operate a certain Packard auto-

mobile in such a manner as to run upon and against Shirley Guthrie, with such force and violence as to inflict in and upon said Shirley Guthrie mortal injuries of which said mortal injuries the said Shirley Guthrie then and there died, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Florida."

The first count of the information sufficiently charges the crime of manslaughter under the Florida statute.

The second count sufficiently charges the offense denounced by Sec. 7749, R. G. S., being Sections 1 and 2 of Chapter 9269, Acts of 1923, as amended by Section 1 of Chapter 11809, Acts of 1927, which provides:

"If the death of any human being be caused by the operation of a motor vehicle by any person while intoxicated such person shall be deemed guilty of manslaughter and on conviction be punished as provided by existing law relating to manslaughter."

It is the contention of the plaintiff in error that because the indictment failed to allege that the motor vehicle at the time of the injury which resulted in the death of another was being operated by the plaintiff in error "over the highways or streets or thoroughfares of Florida" it was fatally defective. The contention is not tenable. The section of the statute above referred to defines several different offenses, one of which is the operation of any automobile, truck or vehicle or motorcycle, or any other vehicle propelled by gasoline, gas, vapor, electricity, steam or other power, over the highways or thoroughfares of Florida by any person while in an intoxicated condition or under the influence of intoxicating liquor to such an extent as to deprive him of full possession of his normal faculties. The fourth sentence of the section is in the following language:

"If, however, damage to property or person of another,

other than damage resulting in death of any person, is done by said intoxicated person under the influence of intoxicating liquor to such extent as to deprive him of full possession of his normal faculties, by reason of the operation of any of said vehicles mentioned herein, he shall upon conviction be fined not more than five hundred dollars, and also be imprisoned not less than three months nor more than twelve months, and if the death of any human being be caused by the operation of a motor vehicle by any person while intoxicated, such person shall be deemed guilty of manslaughter and, on conviction be punished as provided by existing law relating to manslaughter."

So it is that under the provisions of the statute manslaughter may be committed by any person operating a motor driven vehicle while in an intoxicated condition whether on the highways, streets, thoroughfare or at some other place.

The plaintiff in error makes the further contention that a certain sketch, which was drawn in pencil by one Joyner while he was a witness on the stand in behalf of the State to explain and clarify his testimony, was erroneously admitted in evidence. The rule which the plaintiff in error invokes applies to plats and maps which are made and presented to a witness. In such cases the plat or map is not admissible unless it has first been shown to be a correct representation of that which it purports to represent and is verified or identified as a correct map by a witness. This rule, however, does not apply to a sketch made by a witness in the presence of the jury for the purpose of explaining and clarifying his own testimony. The purpose of such a sketch is not that of showing a correct delineation of the scene or thing represented by the sketch but is for the purpose of clarifying and explaining to the jury what the witness means by the language used in his testimony. For in-

stance, if we look at the plat here under consideration, and which is included in the record, standing alone it means nothing, but when taken in conjunction with the spoken words of the witness it clarifies the meaning of statements made by the witness and for this purpose is admissible in evidence.

The next contention is that the evidence was not sufficient to sustain the verdict and judgment. We have given the evidence as disclosed by the bill of exceptions contained in the record careful consideration and find that it amply sustains the verdict and judgment of conviction. Therefore, the judgment should be and is affirmed.

So ordered.

ELLIS, C. J., and WHITFIELD, BROWN and DAVIS, J. J., concur.

TERRELL, J., not participating.