122 So.2d 632 (1960)
Willie BOYD, Appellant,
v.
STATE of Florida, Appellee.
No. B-267.
District Court of Appeal of Florida. First District.
April 7, 1960.
*633 A.K. Black, Lake City, and John L. Westberry, Perry, for appellant.
Richard W. Ervin, Atty. Gen., and Leonard R. Mellon, Asst. Atty. Gen., for appellee.
STURGIS, Judge.
The appellant, defendant below, was convicted of manslaughter under Section 782.07, Florida Statutes, F.S.A., upon an indictment charging that the unlawful death resulted from defendant's culpable negligence in the operation of an automobile.
Reversal is sought on the grounds that the trial court erred: (1) in denying defendant's motion to quash the indictment; (2) in denying defendant's motion for a bill of particulars; (3) in refusing to admit in evidence a photograph proffered by defendant; (4) in denying defendant's motion for a directed verdict; and (5) in refusing certain *634 charges to the jury as requested by defendant.
The indictment charged the defendant with
"culpable negligence in driving, operating, controlling and handling the aforesaid Ford pulpwood truck in a manner than was then and there reasonable and proper, and not then and there having due regard of the traffic and use of the aforesaid Public State Road and Highway, and with disregard for the life and safety of Beverly Hart."
While this indictment is something less than a paragon of perfection, it adequately states the offense defined by F.S. Section 782.07, F.S.A., and the motion to quash was properly denied. Kirkland v. State, 86 Fla. 64, 97 So. 502; Tindall v. State, 99 Fla. 1132, 128 So. 494; Patterson v. State, 128 Fla. 539, 175 So. 730.
Defendant's motion for a bill of particulars was filed after entry of his plea to the indictment. It was therefore within the discretion of the trial court to grant or deny the motion. Mathis v. State, 45 Fla. 46, 34 So. 287. In so holding we do not undertake to determine whether the result would be otherwise had the motion been timely filed.
On cross-examination by defendant's counsel of a witness who testified in support of the state's case in chief, the witness was confronted with a photograph which had not previously been exhibited or alluded to in any manner, and was questioned whether it substantially depicted the physical condition immediately following the accident of a truck and automobile involved therein, to which an affirmative reply was given. No further inquiry was made of this or any other witness concerning the photograph. Thus there was no testimony reflecting when the photograph was made, the position of the camera, the extent of the view reflected thereby, or any effort made to use it as an aid to testimony. After the state closed its case in chief the defendant, without further qualification or explanation, proffered the photograph in evidence, and upon objection its admission was denied. When properly identified, photographs are usable as an aid to the jury in somewhat the same capacity as a view of the scene. They are generally admissible in evidence for use by witnesses in explaining their testimony, thus enabling the jury to better understand the facts. Ortiz v. State, 30 Fla. 256, 11 So. 611. Considering the proffer in the light of these circumstances, the court did not err in refusing to admit the photograph in evidence.
We find no merit in defendant's contention that the court erred in failing to charge the jury with the rule of law governing circumstantial evidence in criminal prosecutions. Our review of the testimony reflects that the state relied primarily on the direct testimony of eyewitnesses to the alleged crime, and when such is the case it is not necessary to charge the jury with the subject rule. It is only when the prosecution relies solely on circumstantial evidence and when the nature of the circumstantial evidence is such that an inference affecting guilt is necessary to be drawn from collateral facts which have a natural or generally recognized relation to such inference that the court is compelled to instruct the jury upon the law governing circumstantial evidence in prosecutions for crime. Jackson v. State, Fla.App., 107 So.2d 247.
Turning now to the question of the sufficiency of the evidence to support the conviction, it is axiomatic that each case of the nature here involved rests upon the facts and circumstances peculiar to it. Attempts at the appellate level to summarize the evidence before the trial court are inherently faulty because it is impossible to recapture the setting, drama and nuances of the trial scene, and we will resist that temptation on this appeal.
*635 No less impossible are the repeated efforts of the "two and seventy jarring sects" to define the subtle distinctions between the multifarious degrees and shades of negligence. They have been enunciated in what remains a vain attempt to departmentalize negligence according to the many legal situations in which it is involved. These attempts, ranging from the ridiculous to the sublime, have now so confused the law that the savant is no less at sea than the layman who treads the labyrinthine path that flows like ectoplasm about their ghostly forms.
We are none the less aware that in a prosecution for manslaughter arising out of "culpable negligence" the trial judge, responsible for the conduct of the trial according to law, and the jury, responsible for the determination of the facts according to the applicable law, must within their respective spheres take into account the very important distinction between "culpable negligence" and the lesser degrees of negligence, whatever the number of the latter may be. We interpret the evidence in the case on appeal to be such, taken in the light most favorable to the state, that the trial judge should have entertained no doubt as to its insufficiency, as a matter of law, to support the charge of manslaughter resulting from culpable negligence. The defendant was entitled to the benefit of that doubt in point of law in the same sense that he was entitled to the benefit of the reasonable doubt in point of fact. Under such circumstances it is the duty of the trial judge to direct a verdict of acquittal.
While the record on this appeal contains ample facts to support the conclusion that the defendant was guilty of "simple" negligence having a substantial part to play in the tragic accident, it is noted that the learned trial judge, in a colloquy with counsel while the jury was absent, expressed grave doubt as to the sufficiency of the evidence to demonstrate "culpable negligence" essential to conviction. Our careful review compels the conclusion that it falls short of the test laid down by the Supreme Court in Cannon v. State, 91 Fla. 214, 107 So. 360. Accordingly, the judgment of conviction is reversed, the sentence is set aside, and it is ordered that the defendant be discharged.
Reversed with directions to discharge the defendant.
WIGGINTON, Chief Judge, and MELVIN, WOODROW M., Associate Judge, concur.