158 So.2d 540 (1963)
Max E. LARRABEE, Appellant,
v.
CAPELETTI BROS., INC., a Florida corporation, and Bob Smith, Appellees.
No. 63-272.
District Court of Appeal of Florida. Third District.
December 13, 1963.
*541 Nichols, Gaither, Beckham, Colson & Spence and Alan R. Schwartz, Miami, for appellant.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and James A. Dixon, Jr., Miami, for appellees.
Before BARKDULL, C.J., and HORTON and TILLMAN PEARSON, JJ.
PER CURIAM.
We are presented with an appeal from an order granting a new trial on the issue of liability only in a personal injury action. The appellant-plaintiff received a verdict of $10,000 at the hands of the jury. The trial judge granted the new trial as to liability on the following ground as set forth in his order:
"During the course of the trial, the plaintiff offered into evidence and the Court received into evidence (over defendants' objection) Section 30-35 of the Traffic Code of Metropolitan Dade County (italics supplied), which reads as follows:
"`All motor vehicles shall be equipped with a mirror so located as to reflect to the driver a view to the rear of at least two hundred feet.'
"On motion for new trial, the defendants take the position that Section 30-35 is inapplicable to the operation of motor vehicles on private property and that the receipt into evidence of the subject ordinance was fatal to their defense on the liability issue. Upon reflection, this Court agrees with the defendants.
"A careful study of the traffic code discloses that 30-35 applies only to the operation of motor vehicles on the public streets and roads within Dade County."
The trial judge has given us the benefit of an extensive opinion which we adopt as the opinion of this Court:
"A. Expressly Applicable Only to Public Streets

"By the enactment of Sections 30-33 and 30-35 the County expressly adopted the standards regulating motor vehicle mirrors prescribed by the state.
"Section 30-33 of the Metropolitan Dade County Traffic Code entitled `Equipment on, and condition of vehicles' provides in part:
"`No person shall drive or operate or knowingly permit to be driven on *542 any street, road or highway, any private * * * vehicle:
"`(a) * * *
"`(b) which is not equipped with * * * mirrors, and such other parts and equipment of a vehicle, in the position, condition and adjustment meeting the requirements of the laws of the state.'
"[F.S.] Section 317.64, F.S.[A.] provides:
"`Every motor vehicle which is so constructed or loaded as to obstruct the driver's view to the rear thereof, from the driver's position, shall be equipped with a mirror so located as to reflect to the driver a view of the highway for a distance of at least two hundred feet to the rear of such vehicle.'"
"Section 30-35 of the Metro Code reads:
"`All motor vehicles shall be equipped with a mirror so located as to reflect to the driver a view to the rear of at least two hundred feet.'
"With pertinent portions of [F.S. §] 317.64 F.S.[A.] inserted (as indicated by single quotation marks) Section 30-33 of the Traffic Code would in part read:
"`No person shall drive or operate or knowingly permit to be driven on any street, road or highway, any private or commercial vehicle "which is so constructed or loaded as to obstruct the driver's view to the rear thereof, from the driver's position':
"`(a) * * *
"`(b) Which is not "equipped with a mirror so located as to reflect to the driver a view of the highway for a distance of at least two hundred feet to the rear of such vehicle".'
"B. Pari Materia Construction

"If by the omission of such words as street, roads or highway, the County Commission intended Section 30-35 to be applicable to the operation of motor vehicles on public and private streets, any reference to mirrors in Section 30-33 is superfluous. Conversely, if it was intended that Section 30-35 was to apply only to the operation of motor vehicles on private streets, then the section could have so expressly provided. The intent of Section 30-35, it can be readily seen, is of doubtful meaning.
"B(2) Rule of Statutory Construction Which Avoids Doubtful, Unreasonable or Absurd Meaning

"The Florida Supreme Court in Florida State Racing [Commission] v. McLaughlin, 102 So.2d 574, enunciated a rule of statutory construction that is helpful in the ascertainment of the intent of Section 30-35.
"`It is elementary that the function of the Court is to ascertain and give effect to the legislative intent in enacting a statute.
"`In applying this principle certain rules have been adopted to guide the process of judicial thinking. The first of these is that the Legislature is conclusively presumed to have a working knowledge of the English language and when a statute has been drafted in such manner as to clearly convey a specific meaning the only proper function of the Court is to effectuate this legislative intent.
"`This rule is subject to the qualification that if a part of a statute appears to have a clear meaning if considered alone but when given that meaning is inconsistent with other parts of the same statute or other in pari materia, the Court will examine the entire act and those in pari materia *543 in order to ascertain the overall legislative intent.
"`When construing a particular part of a statute it is only when the language being construed in and of itself is of doubtful meaning or doubt as to its meaning is engendered by apparent inconsistency with other parts of the same or a closely related statute that any matter extrinsic the statute may be considered by the Court in arriving at the meaning of the language employed by the Legislature.
"B(2) (b) Application of Rule

"Applying this rule of construction to determine the intent of the County Commission in the enactment of Section 30-35 of the Metropolitan Code, an obvious and rational meaning results. Read in pari materia with other sections of the Code regulating the equipment and inspection of motor vehicles, it is clear that Section 30-35 applies only to motor vehicles driven or operated on public streets. Except for Section 30-35 and Section 30-19(e), which regulates windshield wipers, all other pertinent and material section of the Traffic Code which regulate the equipment and inspection of motor vehicles expressly apply to motor vehicles driven or operated on the public streets, and as to inspections the Code applies to both public streets and `parking lot facilities owned or operated by a governmental unit' within the County.
"`The pertinent sections which so expressly provide are: 30-33 (all equipment required to meet state requirements), 30-34 (mufflers), 30-99 (equipment required on parked vehicles), 30-119, 30-120 and 30-126 (motor vehicle inspection).
"`The sections requiring inspection of motor vehicles are of particular interest. Section 30-126 provides in part:
"`To entitle the owner of any motor vehicle to a county motor vehicle inspection certificate, the * * * rear view mirror * * * and other safety equipment of such vehicle shall meet the standards prescribed by the ordinances of the County * * *'
"Sections 30-119 and 30-120 require a motor vehicle inspection only when such vehicle is driven or operated on the public streets or `on any parking lot facilities owned or operated by a governmental unit' within the County.
"`Section 30-35 prescribes that a mirror shall be so located as to reflect a view to the rear of at least 200 feet (italics added). Section 30-35 itself seems to contemplate public roadway applicability and not private property applicability. By way of example: Must a motor driven lawn mower have a rear view mirror which reflects a view of at least 200 feet while being used to mow grass on private property? If so, why 200 feet? Is the 200 feet specification related to depth of residential lots in Dade County? Obviously the answer is no. The ordinance contemplates public traffic operation.'
* * * *
"The Court has not found nor has it been referred to any authority which holds that statutes or ordinances regulating motor vehicle equipment applies to vehicles driven or operated on private property.
"The power of a trial court to grant a new trial should be exercised cautiously, and only after careful consideration of all the evidence in the aspect most favorable to the party in whose favor the verdict was rendered. If there is substantial competent evidence to support a verdict, the verdict should stand. The jury decided that the plaintiff was not contributorily negligent *544 (and this order does not consider or turn upon that finding). The proximate cause of the unfortunate injury to the plaintiff then was the backing of the watering device into the plaintiff. The device was being operated at slow speed and in a manner normal to the `watering down' operation. The `watering down' had been going on continuously for some time prior to the mishap. It was undisputed there was no mirror on the device. The ordinance, therefore, raised a presumption that the defendant was negligent. The admission of the inapplicable ordinance into evidence was fatal to the defendant. To allow the verdict to stand would be to visit the misapplication of the ordinance upon the defendants.
"`Therefore, the defendants' motion for a new trial is hereby granted so far as it applies to the issue of liability in the cause and it is so ordered. (Defendants' post-trial motions for judgment in their favor are denied.)
"`The issue of liability here is distinct and separable from the issue of damages. The Court's error in accepting 30-35 into evidence and in charging on the effect of violation of an ordinance affects only the question of liability. The question of damages was fully and fairly developed during the trial. The defendants have raised no question by post-trial motion concerning the amount of the verdict. The objectionable admission of 30-35 into evidence and the charge thereon had no tendency to create a general prejudice and therefore to affect the conclusion of the jury upon the issue of damages.
"`The above procedure is authorized by Rule 2.8(a) of the Florida Rules of Civil Procedure [31 F.S.A.] which reads as follows: "Jury and Non-Jury Cases. A new trial may be granted to all or any of the parties and on all or a part of the issues. * * *' That rule makes no distinction between re-submission of damage question to a new jury following the granting of a new trial and re-submission of the liability question. Indeed, even in the absence of such authorizing rule or statute, the majority rule is that a new trial may be limited to the question of liability when it is clear that the course can be pursued without confusion, inconvenience, or prejudice to the rights of any party. (For a full discussion of the above proposition, see 34 A.L.R. 2d 988, and cases cited).
"`No confusion will result from a trial on the liability question. The issues will be (1) "Does a preponderance of the evidence establish that the defendants were negligent, thereby proximately causing the plaintiff to be injured?" If so, (2) "Does a preponderance of the evidence establish that the plaintiff himself was negligent, thereby proximately contributing to his own injury?"'
"`Inconvenience will not result. Less witnesses will be necessary. Costs will be minimized.
"`Neither party will be prejudiced. The issues are separable and a jury has already determined the nature and extent of the injury of damage sustained by the plaintiff as a proximate result of the event in controversy.
"`This cause will be set for trial before a jury on the issue of liability by subsequent order of this Court.'"
Affirmed.