ON PETITION FOR REHEARING
By petition for rehearing appellee suggests that a new trial should not have been granted as to the issue of damages as well as the issue of liability, citing Purvis v. Inter-County Telephone and Telegraph Co., 173 So.2d 679 (Fla. 1965), in support thereof.
In the Purvis case, supra, the plaintiff was granted a summary judgment as to liability and a jury awarded plaintiff $125,-000.00 damages. On appeal, the Florida District Court of Appeal, Second District, held that the trial judge erred in granting the summary judgment on the issue of liability and thereupon reversed the judgment and remanded for a new trial upon both the issues of liability and damages. On certiorari the Florida Supreme Court quashed that part of the decision of the Second District Court of Appeal which remanded the cause for a new trial upon the issue of damages, stating as follows:
“We agree with petitioner that the decision sought to be reviewed conflicts in principle with Larrabee v. Capeletti [Bros., Inc.], supra [Fla.App., 158 So.2d 540]. In the latter case a new trial was granted only on the issue of liability in a personal injury action. The plaintiff there had received a jury verdict of $10,000.00. In that case the court held the issue of liability to be distinct and separable from the issue of damages. In support of this holding the court said:
‘ [4] “ ‘The above procedure is-authorized by Rule 2.8(a) of the Florida Rules of Civil Procedure [31 F.S.A.] which reads as follows: “Jury and Non-Jury Cases. A new trial may be granted to all or any-of the parties and on all or a part of the issues. * * * ” That rule makes no distinction between re-submission of damage question to a new jury following the granting of a new trial and re-submission of the liability question. Indeed, even in the absence of such authorizing rule or statute, the majority rule is that a new trial may be limited to the question of liability when it is clear that the course can be pursued without confusion, inconvenience, or prejudice to the rights of any party. (For a full discussion of the above proposition, see 34 A.L.R.2d 988, and cases cited).’ ” ’
“On the merits, we believe the rule in Larrabee v. Capeletti, supra, should be followed here, since the assignment of error by appellant (respondent here) in the District Court of Appeal only referred to the issue of liability and not to that of damages.”
In the case under review we remanded! the cause for a new trial because the de *815 fendant (appellant) was wrongfully deprived of its right to a jury trial on the issue of employment. Appellee’s petition for rehearing cogently insists that the issue of employment affected only the question of liability and had no bearing on the finding of damages made by the jury.
In formerly remanding this cause for a new trial on all issues, we were persuaded and continue to hold that the defendant-appellant was wrongfully deprived of his right to a jury trial on the issue of decedent’s employment. At that time, however, our attention had not been invited to the above-quoted rule in the Purvis case which, as appellee cogently submits, clearly indicates that the issue to be tried on the remand should be limited solely to the unresolved question of employment, upon which liability depends. We agree.
In the case on review, the issues of employment, negligence and damages are separable. The evidence to be adduced upon the issue of employment is obviously immaterial and unrelated to the. evidence heretofore presented on the issue of negligence. The only connection between the issues of employment and negligence is that the former had to be resolved according to the plaintiff-appellee’s contention before the Federal Employers’ Liability Act would be applicable and the employer’s standard of care thereunder capable of determination by the jury.
Appellee also suggests that upon remand of the cause the issue of employment can be presented to a jury with minimum expense and inconvenience to all parties, and that these factors are of substantial importance to appellee who has become obliged to further pursue her claim because of a technical oversight for which she is blameless. These considerations appeal to our sense of justice under the law.
Accordingly, the petition for rehearing is granted and we hereby recede from that part of our opinion filed May 18, 1965, awarding a new trial upon the issue of damages. The cause is remanded with directions to grant a new trial solely on the issue of liability and, in that behalf, to submit the same to the jury on the limited question of fact as to whether the decedent was or was not in the course of employment of the appellant when he sustained the injuries complained of.
It is so ordered.
STURGIS, C. J., and WIGGINTON and CARROLL, DONALD K., JJ., concur.