SWANN, Judge.
Petitioner, Barbara Goldstein, seeks a writ of certiorari from this court directed to an order of affirmance rendered in the Circuit Court of Dade County, Florida. The Circuit Court order affirmed her conviction in the Metropolitan Court of Dade County for driving while under the influence of an intoxicating beverage in violation of Section 30-15(A) of the Code of Metropolitan Dade County, Florida.
On Miami Beach at 4:00 A.M., the morning of January 15, 1967, Paul Warren was awakened by grinding noises in his yard and heard the motor of an automobile racing. He heard a car going back and forth. He called the police and waited inside for them to arrive. When they arrived he turned on the floodlights and went outside.
Petitioner and a companion were sitting in an automobile which was situated in the rock garden at Warren’s house and were at least 100 feet from the nearest driveway. The arresting officer admitted that the auto was not on any roadway open to the public. Barbara admitted she was the driver of the vehicle. Paul and the two officers at the scene all smelled a strong odor of alcohol on her breath although she talked normally. Barbara, however, did not fare too well on the “fingers-to-nose” and “walking-the-line” tests administered at the scene and repeated later at the police station. A search of the vehicle and the immediate area did not uncover any alcoholic beverages in those areas.
In her first point, petitioner claims that the Metropolitan Court of Dade County, Florida has no jurisdiction of this alleged offense because the acts for which she was charged were committed wholly on private property or property not opened to the public for vehicular traffic.
The main thrust of the argument is that it is not against the law to drive an automobile on private property in Dade County, Florida, in an intoxicated condition, assuming arguendo, that there was sufficient evidence to prove such a charge.
In response to this argument below, the able Circuit Judge stated in part in his order of affirmance:
“The Traffic Ordinance upon which the Appellant was convicted is Section 30-15(a) and states as follows:
‘It is unlawful and punishable as provided in subsection (b) for any person who is an habitual user of narcotic drugs or any person who is under the influence of alcoholic beverages, narcotic drugs, barbiturates or central nervous system stimulants as defined in Section 404.01, Florida Statutes, when affected to the extent that his or her normal faculties are impaired, to drive or be in actual physical control of any vehicle within this county. (Italicized by Court.)’
Appellee-State contends that the wording of this Section makes it a punishable offense to commit any of the acts included in the Section anywhere in the County regardless whether such act is committed upon a public street or otherwise. Appellant contends that this Section and all other Sections of the traffic ordinances apply only to acts committed upon public streets. Appellant’s argument is very plausible. It is based upon the nature of the entire *356 Traffic Ordinance and more specifically with definitions contained within the Traffic Ordinance, being Chapter 30 of the Metropolitan Dade County Code. Appellant points out that the definition of ‘traffic’ contained in the very Chapter 30 itself, more particularly in Section 30-1(55):
‘Traffic. Pedestrians, ridden or herded animals, vehicles or other conveyances either singly or together while using any street for the purpose of travel.’ (Emphasis added)
Section 30-1(50)
‘Street or highway. The entire width between the boundary lines of every way or place of whatever nature when any part thereof is open to the use of the public for purposes of vehicular traffic.’ (Emphasis added)
Relying only upon these definitions, the Court could ordinarily agree that any traffic ordinance contained in Chapter 30 would apply only to public streets; however, the Court is of the opinion that the intent of the legislative body which enacted the ordinances must be determined by the wording of the particular section in question, that is, Section 30-15(a), together with a consideration of Chapter 30 as a whole. Certainly Dade County has the power to declare a particular act to be a punishable offense whether committed on public or private property. The question is whether the County did make it a punishable offense to commit certain acts in connection with vehicles whether on public streets, private property, or both.
Section 30-15 (a) itself certainly does not restrict the application of the section to public property. The wording of the section includes the entire county. If there is any restriction on the application of the section, it must come from other sections of the Chapter or the Chapter as a whole. Appellant has pointed out the foregoing definitions which would seem to restrict the application of Section 30-15 (a) and all other sections to public property. However, in considering the Chapter as a whole, the Court cannot agree with this premise. In reading the various sections of Chapter 30, it is readily apparent that some sections are worded to include the entire county without reference to public or private property, such as 30-17, while other sections specifically restrict the application to public streets or public property, such as Sections 30-23, 30-24, 30-36. A third group of sections mention neither such wording as ‘within this county,’ ‘on the public streets of this county’ or any other similar designation. It may be that as to this third class of traffic sections where nothing is mentioned one way or the other as to its application, the Appellant’s theory could be applied and that those sections would only apply to acts committed on public streets, highways, property, etc. It is interesting to note that Section 30-13, requiring a valid operator’s license by every driver of a motor vehicle originally contained the words ‘upon the streets of this county,’ but by amendment adopted May 21st, 1968, the words ‘upon the streets of’ were deleted. The only reasonable conclusion that this Court can reach regarding that particular section is that the legislative body, namely the Metropolitan County Commissioners, who originally enacted Section 30-13 which restricted the application of that section to motor vehicles operated upon the public streets of the county, intentionally amended that section to require operator’s licenses for motor vehicles operated throughout the county whether on public streets or not. It then follows that the said legislative body intended that each section of traffic ordinances contained in Chapter 30 were to apply exactly as worded in each individual section, at least in those sections which contain words of application. For the foregoing reasons, it is the opinion of this Court that the trial judge was correct in his ruling as to this point.”
The determination of this issue by the Circuit Judge seems to be in accordance with the general rule enunciated in 7 Am. *357 Jur.2d, Automobile & Highway Traffic § 170, which states:
* * *
“Where a statute establishing a criminal offense in connection with the operation of a motor vehicle makes no reference to the offense occurring on a public highway, it is generally held to apply throughout the state, including private ways and premises. For example, where a statute makes the act of driving^ while intoxicated, or causing the death of another while driving while intoxicated, a criminal offense, but does not contain words limiting its application to driving while on public highways, it applies to an act of driving while intoxicated on private property or premises.
* * *
On the other hand, where a statute establishing an offense in connection with the operation of a motor vehicle, such as driving while intoxicated, or speeding, or reckless driving, or failure to stop after an accident, is expressly made applicable to the operation of motor vehicles on public highways, it does not apply to the operation of motor vehicles on private ways or premises.”
^ ^
In Patterson v. State, 128 Fla. 539, 542, 175 So. 730, 731 (1937), the opinion of the Supreme Court was that “[Ujnder the provisions of the statute, manslaughter may be committed by any person operating a motor-vehicle driven while in an intoxicated condition whether on the highways, streets, thoroughfares, or at some other place.” [Emphasis added]
It would appear logical that a county could restrict the operation of a dangerous instrumentality [an automobile] on private property, if in its legislative wisdom, it determined that the same was necessary, or would promote the general health, welfare and public safety of its citizens or under its police power. Cf. Larrabee v. Capeletti Bros., Inc., Fla.App.1963, 158 So.2d 540.
Petitioner’s argument on this point is weakened since the private property upon which these alleged acts were committed belonged to Paul Warren and not herself. Doing such dangerous acts as driving a dangerous instrumentality while intoxicated on your own private property may be different than doing them on the private property of a third party. A question of standing may arise. We, therefore, agree with the Circuit Judge in this regard.
Petitioner’s last point is whether there was sufficient, competent, substantial evidence to uphold the charge that she was in actual control of the motor vehicle. We have reviewed the record and find that there is such evidence in the record. See also State v. Katz, Fla.App.1959, 108 So.2d 60.
Accordingly, the petition for writ of cer-tiorari be and the same is
Denied.