CAMPBELL, Judge.
This cause is before the court on petition for certiorari to review the order of the circuit court reversing the county court’s judgment that respondent drove while under the influence of alcoholic beverages contrary to Section 316.193, Florida Statutes. Petitioner asserts that the order of the circuit court, acting in its appellate capacity, departed from the essential requirements of law. We agree and grant the petition.
At respondent’s nonjury trial three police officers testified that they observed respondent shortly after he was discovered sitting in his automobile. The evidence indicated, and the respondent admitted, that shortly before the first officer arrived at the scene, respondent had struck a light fixture with his automobile. All of the officers testified that respondent was unstable on his feet and there was an odor of alcoholic beverages about his person. The first officer on the scene, Officer Wolfe, testified further that respondent appeared to lose his train of thought, his speech was slurred and his eyes were glazed. In the opinion of all of the officers respondent was under the influence of intoxicating beverages.
Dr. Harry Wessel testified for respondent. He explained that a blow to the head could create symptoms similar to intoxication. However, we note, respondent did not at any time advise the officers investigating the incident that he had suffered any injuries.
Pat Jenson, an automobile mechanic, testified that he repaired respondent’s vehicle after the accident. He stated that the windshield of the automobile was cracked and that the steering wheel was bent.
Finally, respondent testified that he had struck his head on the windshield when the automobile collided with the light pole. He explained that this, rather than the alcoholic beverages, caused him to be stunned and dazed.
The circuit court in its order reversing respondent’s conviction appears to conclude that the petitioner’s failure to introduce the results of a blood alcohol test was fatal to its case. This finding, if approved, would entitle a defendant to a judgment of acquittal whenever a police officer, without regard to other evidence of intoxication, neglected to perform a blood alcohol test. The function of the trier of fact should not be so blindly usurped.
One of the most essential and settled requirements of this state’s law is that an appellate court may not substitute its opinion of the facts for that of the trier of the facts, or reweigh the evidence and reach a *18 conclusion different from that of the trial court. In the instant case, the circuit court did exactly that. . Accordingly, we must reverse the decision of the circuit court and reinstate the judgment of the county court.
HOBSON, Acting C. J., concurs.
GRIMES, J., dissents with opinion.