404 So.2d 1173 (1981)
PENSACOLA INN LIMITED, Fanning Realty, Inc., and Clifford E. Fanning, Appellants,
v.
Robert H. Tuthill, Appellee.
No. AB-459.
District Court of Appeal of Florida, First District.
October 22, 1981.
Rehearing Denied November 13, 1981.
*1174 Robert P. Gaines of Beggs & Lane, Pensacola, for appellants.
Wilmer H. Mitchell, Pensacola, for appellee.
PER CURIAM.
Appellants seek reversal of a final judgment awarding damages to appellee, appellants' motel guest, for injuries sustained when he fell on the motel premises. We conclude that a jury issue was presented as to whether appellants were negligent in failing to maintain the premises in a reasonably safe condition, and whether the condition complained of was the legal cause of appellee's injuries. However, we determine that it was reversible error to allow appellee to introduce photographs of the accident scene showing material alterations and improvements made by appellants after the accident. We therefore reverse.
On the morning of the accident, appellee left his ground floor motel room, turned to his right, and walked along a concrete walkway abutting the motel rooms. He passed a stairwell which obstructed his view of the parking lot to his left, then turned to the left, stepped off the walkway and immediately fell when his left foot slipped on the ground surface which was composed of clay a few inches below the walkway level and sloping at an angle of twenty-five to thirty degrees toward the parking lot pavement. He observed that this compacted clay surface was somewhat moist, as from the morning dew. It was conceded at trial that at the time of the accident he was attempting to traverse an area intended for the use of motel guests.
Appellee introduced, over objection, seven composite exhibits consisting of three photographs each, making a total of twenty-one photographs of the accident scene. These photographs almost without exception concentrate on the exact point where appellee stepped off the walkway, slipped and fell, and show with great clarity improvements made by appellants some four or five days following the accident, consisting of removal of the sloping clay or dirt fill abutting the walkway, replacing this with grassy sod, and the placing of round concrete stepping stones at the exact point where appellee stepped off the walkway.
The general rule, with some exceptions, as stated in City of Niceville v. Hardy, 160 So.2d 535 (Fla. 1st DCA 1964), cert. den. 166 So.2d 150, is that evidence of a change in conditions or proof of repairs made after an injury is never admissible as proof of the defendant's negligence in not having made the repairs or taken precautions prior to the accident. In that case a new trial was ordered because the court allowed testimony concerning post-accident changes in the meter box over which plaintiff tripped.
The rule is found in the Florida Evidence Code, Section 90.407:
Subsequent remedial measures.  Evidence of measures taken after an event, which measures if taken before it occurred would have made the event less likely to occur, is not admissible to prove negligence or culpable conduct in connection with the event.
Appellee concedes the above rule but seeks to avoid its application here by contending that evidence of subsequent repairs or improvements *1175 is nevertheless admissible if submitted not for the purpose of showing negligence by the fact of changes, but to show feasibility of desirable changes, control of the premises, prior knowledge of the offending condition, explanation or identification, to rebut a defense, and for impeachment. See 170 ALR 7 and 64 ALR2d 1296. Whether all or some of these might furnish adequate reasons for admissibility of photographs showing changed conditions is beside the point, since the photographs were not introduced in connection with any testimony as to feasibility, control, or prior knowledge, and no issue was made as to these matters at the trial. Further since the photographs were introduced in appellee's case in chief they could not have been admissible for impeachment. We note particularly appellee's insistence that in the court below it was not contended that the changes were evidence of negligence. Appellee argues, however, that the photographs were admissible to show the physical scene, to provide a clear understanding of the lay-out of the area where the accident occurred, and the degree of obstruction to appellee's visibility caused by the exterior stairwell and an end wall as he approached the step-off where he was injured. Appellee relies upon Atlantic Coastline R. Co. v. Saffold, 130 Fla. 598, 178 So. 288 (1938), First Federal Savings and Loan Ass'n. v. Wylie, 46 So.2d 396 (Fla. 1950), and Musleh v. Division of Administration, 299 So.2d 101 (Fla. 1st DCA 1974). These cases simply stand for the general proposition that photographic evidence which is relevant for some legitimate purpose does not become inadmissible in every instance simply because the photographs may depict some post-accident change in the scene surrounding the site of an accident. Here, although several of the photographs show the location of the accident in relation to various portions of the motel premises, none purport to show the accident scene or the approaches to it as it would have been viewed by appellee on the morning in question, and there is nothing in any photograph to show an obstruction to appellee's visibility at the point where he stepped from the concrete walkway. Furthermore, there is nothing either unique or unusual in the physical layout of the motel and its appurtenant walkways and parking area, nor, for that matter, the place where appellee fell, that would necessitate use of the photographs for explanatory purposes or that would confer probative value to the photographs outweighing the danger of unfair prejudice and their tendency to mislead the jury. Section 90.403, Florida Evidence Code, provides that relevant evidence is "inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." The potential for prejudice created by twenty-one photographs depicting basically nothing more than an accident scene in which the alleged injury-causing conditions have been totally changed is perhaps illustrated by appellee's insistence that all changes were pointed out to the jury, and that this was "repeatedly and fairly done" at the trial.
We do not view the rule of exclusion as avoided by the fact that appellants had planned and had contracted for the improvements shown by the photographs some thirty to forty-five days before appellee's accident. Since evidence of appellants' intention to improve the area for beautification purposes was admitted at the trial without objection, after the admissibility of the photographs had been ruled upon, we are not called upon to determine whether or to what extent evidence of appellants' pre-accident ordering of the improvements will be admissible on retrial of this case.
REVERSED and REMANDED for new trial.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.