# STATE OF FLORIDA v CARLIN
## Case No. 85-0052 AC
Seventeenth Judicial Circuit, Broward County
January 10, 1986

## APPEARANCES OF COUNSEL

**James McClane** for appellant state.
**Kevin M. Emas** for appellee Carlin.

## OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

This matter is before this Court in its appellate capacity pursuant to Article V, Section 20(c)(3) and F.S. 26.012.

Appellee, Ms. Robin Carlin, was arrested for violating F.S. 316.193 (hereafter referred to as DUI). The officer who arrested Appellee first met her a few minutes before her arrest at a bar in Oakland Park, Broward County; where he had been called to quell a disturbance. At the bar, after conducting a cursory investigation, the arresting officer asked Appellee to leave in accordance with the request of the manager.

The officer observed Appellee to enter a vehicle and drive it out of the parking lot, striking a median curb as she did so. Appellee was followed by the arresting officer, who testified that he saw her drive through a traffic control device. The officer then activated his lights and siren and pursued her for several blocks until she was stopped.

When Appellee exited her vehicle, she demonstrated the physical characteristics so often associated with DUI cases, i.e., bloodshot eyes, slurred speech, difficulty in exiting her vehicle, strong odor of alcoholic beverages on her breath and person, failure of the roadside sobriety tests. After observing the foregoing physical characteristics, the officer read to Appellee the contents of his "Miranda" card and information regarding Florida's Implied Consent Law (F.S. 316.1932). The Court below found that the Appellee had requested the opportunity to consult with her attorney before making the decision of whether to take the chemical sobriety test, but her request was ignored.

The final decision of the Court below, and that which is the subject matter of the instant appeal by the State of Florida, was that, although the Appellee did have a constitutional right to counsel at the time she asked for the opportunity to consult with one, she did not have the right of such consultation under the mandate of F.S. 901.24.

The State of Florida filed a timely notice of appeal, asking this Court to review and reverse the decision of the Court below denying the State the opportunity of introducing to, or commenting upon in the presence of, the jury, ". . . any evidence which shows, or tends to show that the (Appellee) refused to submit to a breath, blood and/or urine test."

Any discussion of the issue herein to be resolved, one which is of frequent occurrence in DUI trials, must begin with an analysis of the statutes involved.

Florida Statute 901.24 provides, in its entirety:

"A person *arrested shall* be allowed to consult with any attorney entitled to practice in this state, alone and in private at the place of custody, as often and for such periods of time *as is reasonable.*" (emphasis added)

The determination of whether one is in custody, i.e., under arrest, is accomplished through the use of a rather objective test: would a reasonable person, under circumstances prevailing in the matter under review, believe that his freedom of action was restricted in a significant way? If the answer is in the affirmative, then, as a matter of law, the accused is deemed to have been in custody. *Drake v. State,* 441 So.2d 1079 (Fla., 1983). The ultimate inquiry is whether there has been, in the absence of a formal arrest, a restraint of movement of the degree

normally associated with a formal arrest. *California v. Behler*, 103 S.Ct. 3512 (1983). The determination of whether an arrest has occurred is to be made by the court without regard to an unarticulated plan to arrest that may have existed in the mind of the arresting officer. The issue to be resolved is whether a reasonable person, in the same position as the accused, would have perceived the situation to be one wherein freedom of movement has been significantly restrained. *Roman v. State*, 475 So.2d 1228 (Fla., 1985).

In the matter now before the Court, it is quite clear from the record that the arresting officer, having observed what he deemed to be improper driving by one with whom he had just had personal contact under circumstances that caused him to be suspicious of such person's sobriety, pursued such driver and ultimately made a perfectly legitimate traffic stop. Accepting as true, for the purpose of this appeal, that the appellee did, indeed, drive erratically in the presence and sight of the arresting officer, had the officer not immediately stopped the appellee he would have been derelict in his duty. By the same token, the observations herein made by the court lead inescapably to the conclusion that the appellee was under arrest—her freedom of movement was significantly restrained—from the moment she alighted from her vehicle in order to perform the roadside sobriety tests requested by the officer. Whether the officer had articulated to her his intention to effect an arrest, and regardless of the naivete demonstrated by the appellee's testimony that she thought she would be permitted to leave once she had performed the roadside sobriety tests, there is no doubt in the mind of this Court that she was under arrest.

When dealing with problems of statutory construction, it must always be kept in the forefront of one's thinking that the courts have a judicial obligation to sustain legislative enactments when possible. *North Port Bank v. State*, 313 So.2d 683 (Fla. 1975). The primary function of the judiciary when involved in statutory construction is to discern the intention of the legislature when it enacted the statute under consideration. *Lanier v. Bronson*, 215 So.2d 776 (Fla. 4th DCA 1968). The legislature is conclusively presumed to have a working knowledge of the English language, and when a statute has been drafted in such a manner as to clearly convey a specific meaning, the only proper function of the court is to effectuate this legislative intent. *Larrabee v. Capeletti Bros., Inc.*, 158 So.2d 540 (Fla. 3d DCA 1963). When such intent is clearly stated, this intent must be given effect even though it may seem to contradict the strict letter of the statute and well-settled principles of construction. *State v. Webb*, 398 So.2d 820 (Fla. 1981).

When struggling with a problem of statutory construction, the courts must resolve any uncertainty in favor of an interpretation that best accords with the public benefit. *Sunshine State News Co. v. State*, 121 So.2d 705 (Fla. 3d DCA 1960). The aforesaid principle leads one to the logical conclusion that words of common usage, when used in a statute, should be accorded their plain and ordinary meaning and interpreted accordingly. *Brooks v. Anastasia Mosquite Control District*, 148 So.2d 64 (Fla. 1st DCA 1963).

The word "shall" is generally considered to be an imperative command unless the context within which it is used indicates to the contrary. When a statute directs the doing of a thing for the sake of justice, even the word "may" means the same as "shall". *Mitchell v. Duncan*, 7 Fla. 13 (Fla. 1857); *Weston v. Jones*, 24 So. 888 (Fla. 1899).

In view of the principles discussed above, the Appellee was absolutely possessed of the right to have a reasonable opportunity to consult with counsel before making the decision of whether to take or to decline to take the chemical sobriety test. The Court herein uses the phrase "reasonable opportunity to consult with counsel" advisedly, as will be discussed below.

However necessary it may be to achieve employment or to enjoy one's leisure time, the operation of a motor vehicle in the state of Florida is a privilege granted by the state and not an inherent right of the people therein. *Thornhill v. Kirkman*, 62 So.2d 740 (Fla. 1953); *Miami v. Aronovitz*, 114 So.2d 784 (Fla. 1959). One who holds a driver's license does so subject to reasonable regulation. Id.

As part of its total plan of regulation of the privilege of driving in this state, Florida adopted F.S. 316.1932. By its express terms, F.S. 316.1932 requires that one subject to its stricture be first under lawful arrest. Once a lawful arrest has been effected, the accused party may then be required to take a chemical sobriety test, upon refusal of which certain adverse consequences will flow. The statute makes it mandatory that the arrestee be informed that the refusal to take the chemical sobriety test under proper circumstances will result in the loss of driving privileges for a stipulated period of time.

In relevant part, F.S. 316.1932 states:

"The refusal to submit to a chemical breath or urine test upon the request of a law enforcement officer *as provided in this section* shall be admissible into evidence in any criminal proceeding." (emphasis supplied)

It seems abundantly clear, at least to this Court, that, as a condition

74

precedent to the introduction of evidence that a given accused party refused to take a chemical sobriety test, the prosecuting authority must first establish the absence of any legal infirmity in those events that preceded the alleged refusal to take such test. The refusal of police authorities to grant fundamental, statutorily mandated, rights to an accused party amounts to a legal insufficiency of sufficient importance to warrant the imposition of severe sanction against the offending agency.

Florida Statute 901.24, by its express language, recognizes that there may be times when the delay of an investigation may wreak severe damage to the right of the people of this state to have criminal activities ferreted out and investigated in a reasonable manner; such philosophy is found in the last three words of F.S. 901.24, i.e.,: . . . *as is reasonable.*" In the matter now before the Court, the accused was requested to take a chemical sobriety test that involved the collection of a sample of her breath for analysis upon an approved testing device. One of the requirements that must be followed in the breath testing procedure is the observation of the subject for at least twenty minutes prior to the collection of the breath sample. Rule 10D-42.22(1)(f), Rules of Department of Health and Rehabilitative Services; *State v. Wills*, 359 So.2d 566 (Fla. 2d DCA 1978). During the observation period, at least, there exists time within which the request of an accused party for an opportunity to consult counsel could be granted without danger of doing harm to the validity of the breath testing procedure. What at first seem to be conflicting and competing statutes are not really in conflict when reasoned analysis of each is made without regard to the position of the advocate. F.S. 901.24 mandates that an arrested person shall have a reasonable opportunity to consult with an attorney and F.S. 316.1932 required that the party asked to submit to a breath test be observed for at least twenty minutes before the breath sample is collected. Wherein lies the conflict? Is it so difficult for the actors in this unhappy drama from real life to realize that, in the final analysis, all seek the same goal—a fair and legal resolution of criminal allegations?

To this Court, it seems that the entire issue now under discussion could have been avoided by the simple expedient of the arresting officer granting the accused the opportunity to attempt to call her attorney during the twenty minutes needed for the observation discussed above. The other side of the coin, of course, is that the accused could have avoided the entire issue by simply not attempting to operate a motor vehicle after having consumed alcoholic beverages.

Some day, somewhere, somehow, those who desire to exercise the

privilege of operating a motor vehicle will assume responsibility for their actions and will avoid driving after the ingestion of any substance that may tend to impair one's ability to safely drive. Death is a terribly final condition from which there is no appeal. Is it fair for one party to place another in jeopardy for the sake of a few moments of ostensible pleasure to be derived from alcohol and drugs? This Court thinks not and is certain that most other fair minded persons feel the same way.

This Court also feels that no fair minded prosecutor or law enforcement officer would want a court to decide a legal issue upon any grounds other than the applicable law, and that is the result here sought to be attained. For the reasons set forth, it is:

ORDERED and ADJUDGED that the Order of the court below, from which appeal to this Court was taken by the State of Florida, must be, and hereby is,

AFFIRMED.

This cause is remanded to the trial court for further proceedings not inconsistent with this opinion.