COWART, Judge.
The state seeks a writ of certiorari to review the circuit court’s reversal of the county court’s conviction of respondent for driving or being in physical control of an automobile while intoxicated. § 316.1931, Fla.Stat. (1985). There was sufficient circumstantial evidence presented for the jury to find respondent guilty of driving while intoxicated. Although the respondent’s car may have been inoperable at the time the state trooper arrived on the scene, there is sufficient circumstantial evidence for the jury to find that respondent was driving while intoxicated when her car went off the highway onto the median.[1] The circuit court, in its appellate capacity, improperly substituted its opinion of the facts for that of the trier of facts and reweighed the evidence to reach a conclusion different than the jury.[2]
The petition for writ of certiorari is granted, the writ is issued, and the opinion of the circuit court is quashed.
PETITION GRANTED.
UPCHURCH, C.J., and SHARP, J., ' concur.

. See, e.g., Griffin v. State, 457 So.2d 1070 (Fla. 2d DCA 1984); Goldstein v. State, 223 So.2d 354 (Fla. 3d DCA 1969); County of Dade v. Pedigo, 181 So.2d 720 (Fla. 3d DCA), cert. denied, 188 So.2d 817 (Fla.1966); State v. Goodwyn, 24 Fla.Supp. 9 (Fla. 11th Cir.Ct.1964).

. See State v. McIntyre, 393 So.2d 16 (Fla. 2d DCA 1980).