## STATE OF FLORIDA v BOND
## Case No. 89-059 AC
Eleventh Judicial Circuit, Dade County

September 29, 1989

### APPEARANCES OF COUNSEL

**Noni B. Braunstein,** Assistant Attorney General, for appellant.

**Peter A. Collins,** for appellee.

Before NADLER, ESQUIROZ, BLOOM, JJ.

### OPINION OF THE COURT

PER CURIAM

The Appellee herein was charged with driving under the influence of alcohol in October of 1988. A Motion in Limine to exclude the results of the chemical breath test was made by the defense based on a lapse of two hours between arrest and test. Said Motion was granted. The State appeals.

Testing is unnecessary in order for the State to prove a case against a defendant charged with driving under the influence. *See*

§ 316.193(1)(a), Fla. Stat. (1987); *Layman v State,* 455 So.2d 607 (Fla. 5th DCA 1984), *cert. denied,* 459 So.2d 1040 (Fla. 1984) (holding that the statute describes but one offense which can be committed by either or both of two methods). *Cf. State v McIntyre,* 393 So.2d 16 (Fla. 2d DCA 1980). However, we hold that when testing takes place within a reasonable time after the actual driving by the defendant, the issue raised by the time lapse between the driving and the test goes to the weight of the testimony, not to its admissibility, and is therefore a matter for the trier of fact to evaluate, together with all the evidence in the case. We are not prepared to say that the two-hour time lapse present in this case falls outside the bounds of reasonableness. Further, extrapolation evidence is not a blanket prerequisite to admissibility of the test.

Accordingly, the lower court's order is reversed and the case is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.