HAZOURI, J.
The defendant was charged by information with battery on a law enforcement officer in violation of sections 784.03 and 784.07, Florida Statutes (1997). The State filed notice of intent to seek a prison releasee reoffender and habitual violent offender, habitual offender or violent career criminal sentence.
The defendant presented an involuntary intoxication defense, asserting that while attending a party, and without his knowledge, someone drugged the non-alcoholic fruit *347 punch that he was drinking. The jury found the defendant guilty as charged. The defendant was adjudicated guilty and sentenced as a prison releasee reoffender and violent career criminal to ten years in prison with a ten year mandatory minimum. We reverse.
On July 3, 1997, the defendant attended a party at his sister’s house in celebration of his release from prison which occurred that day. The defendant’s fiancée drove him home from prison and testified that he did not use alcohol or drugs during the trip. The defendant testified that for health reasons he refrained from using drugs and alcohol.
The party, attended by a number of people with whom neither the defendant nor his fiancée was familiar, was dry, the beverage menu consisting of soda and fruit punch. The defendant’s nephew arrived at the party late in the afternoon, noticing that the appellant appeared to be acting normal. After his nephew arrived, the defendant retrieved his fruit punch which had been set down, and the two walked outside to talk, the defendant drinking his punch as they did. While speaking to his nephew, the defendant began to feel funny and started sweating. According to his fiancée and to his nephew, the defendant began to act strangely, ripping off his shirt, talking to himself and calling for his mother, who had passed away while he was in prison. The strange activity culminated in the defendant jumping over the back yard fence and when the defendant’s fiancée and nephew chased after him, they found him bent over in the street vomiting and crying. The nephew testified that he never saw the defendant act in that manner and described him as having gone berserk. The defendant, who has no memory of the day’s events that occurred after his conversation with his nephew, refused their assistance and continued on his way.
Deputy Halstead responded to a disturbance in the 4300 block of S.W. 18th Street. A civilian directed the deputy’s attention to the defendant, who was walking toward her. The defendant banged on the hood of Deputy Halstead’s car saying he “didn’t think he could take it any more,” opened her door and while grabbing hold of her wrist said, “... get out of the car. Get out of the car. I can’t take this anymore.” After grabbing the deputy, defendant let her go, backed away from her car, and continued walking down the street. Deputies Kirby and Perez responded to assist Deputy Halstead and found the defendant handcuffed on the ground. Defendant was angry, abusive and threatened to kill the deputies on the scene. Although neither Kirby nor Halstead believed that the defendant was under the influence of drugs or alcohol, they testified his actions, including asking Deputy Kirby to kill him, were bizaare. During the course of the jury trial, no witness was called on behalf of the state to testify that the behavior exhibited by the defendant could not have been caused by the ingestion of alcohol and/or drugs. Despite the lack of this evidence during his summation, the prosecutor made the following argument over the defendant’s objection:
Now, think about it. Use your common sense. If there was, in fact, some unknown substance poured into the punch and the defendant drank it would it be— would it be logical to belief [sic] that he would act in the way the witnesses said that he acted or do these types of drugs or mickeys or whatever you want to call them actually cause someone to pass out? They don’t cause anger as far as I know. There is no controlled substance, no prescription drug out there that causes anger. (Emphasis added).
There appears to be no dispute in the testimony that the defendant engaged in the battery of a law enforcement officer and no dispute that the defendant was extremely angry and acting in a very bizarre fashion. The real issue was whether or not this came about as a result of his becoming involuntarily intoxicated by drugs or alcohol. The state argues that even if these comments were objectionable, they amount to harmless error. We disagree.
It is well settled that a prosecutor must confine closing arguments to evidence in the record, and must refrain from comments that could not be reasonably inferred from the evidence. Ford v. State, 702 So.2d 279, 280 (Fla. 4th DCA 1997). Evidence introduced at trial established that the defendant was acting irrationally and his conduct began shortly after consuming a drink that he left unattended for a brief period of time. *348 Absent from the evidence at trial is any testimony suggesting that there are no controlled substances or prescription medications that could cause the defendant’s behavior. Despite that absence, the state opined that no such drug existed. It is reasonable to believe that the jury placed considerable weight upon the prosecutor’s opinion resulting in prejudice to the defendant. Pacifico v. State, 642 So.2d 1178, 1184 (Fla. 1st DCA 1994). The objected to argument of the prosecutor clearly violates rule 4-3.4(e) of the Rules Regulating The Florida Bar.[1] This Court reminds the prosecutor to be mindful of not letting his zeal in seeking a conviction overshadow his responsibility to seek justice. These two goals need not be mutually exclusive.
REVERSED and REMANDED for a new trial.
DELL and STEVENSON, JJ., concur.

. A lawyer shall not:
(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused.
(Emphasis added).