FORST, J.
Hector Ramirez (“Defendant”) appeals his convictions and sixty-year sentence for sexual battery on a person older than twelve but less than eighteen years of age by a person in familial or custodial authority. The victim in this case was Defendant’s step-daughter. Defendant argues that four rulings of the trial court constitute error. We conclude that none of the challenged rulings constitute an abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (“[T]he appellate court must fully recognize the superior vantage point of the trial judge and should apply the ‘reasonableness’ test to determine whether the trial judge abused his discretion.”). Accordingly, we affirm.
First, Defendant contends that the trial court erred by denying the defense’s request to give a jury instruction on a permissive lesser-included offense. We review this decision for an abuse of discretion. See Carpenter v. State, 785 So.2d 1182, 1199-1200 (Fla.2001) (“This Court has explained that a trial court has wide discretion in instructing the jury, and the court’s decision regarding the charge to the jury is reviewed with a presumption of correctness on appeal.”) (quoting James v. State, 695 So.2d 1229, 1236 (Fla.1997)); State v. Espinosa, 686 So.2d 1345, 1347 (Fla.1996) (stating the trial court has discretion to determine whether there is support for the giving of an instruction on a permissive lesser-included offense); Ward v. State, 40 So.3d 854, 856 (Fla. 4th DCA 2010). Here, no abuse of discretion occurred. The trial court’s ruling on the jury instruction was in accord with the Florida Supreme Court’s opinion in Khianthalat v. State, 974 So.2d 359, 360-63 (Fla.2008), as the Information in this case does not allege that the sexual acts were done against the step-daughter’s will or with an intent to cause bodily harm, allegations necessary for a charge of battery.
Second, Defendant contends that the trial court erred by overruling defense counsel’s objection that certain comments made by the prosecutor during rebuttal argument were not based on the facts in evidence. We review this ruling for an abuse of discretion. See Peterson v. State, 874 So.2d 14, 15 (Fla. 4th DCA 2004) (applying the abuse of discretion standard to review the trial court’s ruling on an objection based on facts not in evidence). Again, no abuse of discretion occurred. During closing arguments, litigants are allowed wide latitude in arguing to the jury. Breedlove v. State, 413 So.2d 1, 8 (Fla.1982); Linic v. State, 80 So.3d 382, 392 (Fla. 4th DCA 2012). “Logical inferences may be drawn and prosecutors are allowed to advance all legitimate arguments with the limits of their forensic talents in order to effectuate their enforcement of the criminal laws.” Linic, 80 So.3d at 392 (citation omitted). Although “a prosecutor *852 must confíne closing arguments to evidence in the record,” Jones v. State, 730 So.2d 346, 347 (Fla. 4th DCA 1999), the prosecution may make comments as an “invited response” to defense counsel’s preceding arguments. Walls v. State, 926 So.2d 1156, 1166 (Fla.2006). Here, the comments made by the prosecution in its rebuttal argument appear to be permitted replies to arguments made during defense counsel’s closing. See id. at 1166; Linic, 80 So.3d at 392.
Third, Defendant contends the trial court erred by sustaining the State’s objection to the defense’s placing a diagram of Defendant’s house into evidence and providing it to the jury during deliberations. This diagram was prepared by Defendant during his testimony at trial. We review this ruling for an abuse of discretion. San Martin v. State, 717 So.2d 462, 470-71 (Fla.1998) (finding a trial court has wide discretion to determine the admissibility of evidence). Defendant correctly points to case law finding that a diagram by a witness in aid of his testimony may be admissible. Patterson v. State, 128 Fla. 539, 175 So. 730, 731 (1937) (holding that the rule requiring a map or diagram to first be verified as a correct representation before being admitted into evidence “does not apply to a sketch made by a witness in the presence of the jury for the purpose of explaining and clarifying his own testimony”); Landrum v. State, 79 Fla. 189, 84 So. 535, 538 (1920).
However, “[rjelevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.” § 90.403, Fla. Stat. (2012). In the instant case, the trial court did not elaborate as to the reason(s) for not admitting the diagram into evidence. The trial court could have erroneously concluded the drawing was inadmissible since it was prepared during testimony. Alternatively, the trial court could have concluded the diagram constituted a “needless presentation of cumulative evidence” or was poorly drawn and therefore confusing or misleading. See, e.g., Bates v. State, 750 So.2d 6, 12 (Fla.1999) (finding a photograph of the defendant in his military uniform would have been merely cumulative if offered into evidence where two fellow National Guard soldiers testified about his dedication to his country); Johnson v. Fla. Farm Bureau Cas. Ins. Co., 542 So.2d 367, 370 (Fla. 4th DCA 1988) (holding that exclusion of a picture of the accident scene that was particularly gruesome was not an abuse of discretion where the picture was “merely cumulative evidence in light of the other testimony and exhibits introduced concerning the accident scene”); Pensacola Inn Ltd. v. Tuthill, 404 So.2d 1173, 1174-75 (Fla. 1st DCA 1981) (finding reversible error where the probative value of photographs offered into evidence of the defendant’s premises after the injury did not outweigh “the danger of unfair prejudice and their tendency to mislead the jury”); Delano Hotel, Inc. v. Gold, 126 So.2d 301, 302 (Fla. 3d DCA 1961) (holding that, where the evidence which rejected records would have shown was presented otherwise through testimony of party seeking its entry, error if any was not harmful).
Even if the exclusion of the diagram was error, we conclude that any error was harmless beyond a reasonable doubt in light of the other testimony and exhibits introduced regarding the layout of the house. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986) (explaining that the “harmless error” test places the burden on the State to show, beyond a reasonable doubt, that “the error complained of did not contribute to the verdict *853 or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction”). We note that the defense was permitted to use the diagram as an exhibit at trial and during closing argument, and there is no indication in the récord that the inability of the defense to have this drawing placed into evidence hindered its case. There was no witness testimony, nor prosecution argument, which challenged the description of the home’s layout as presented by Defendant’s diagram. The jury was made fully aware of the living arrangement and no argument was presented to make the jury think that Defendant testified inaccurately. Moreover, the evidence presented at trial was sufficient to allow the jury to find each element for the charged offense. There is no basis to conclude that the exclusion of this evidence during jury deliberations contributed to the jury finding an element satisfied.
Fourth, Defendant contends that the trial court erred by denying defense counsel a sidebar conference following the State’s successful challenges to defense counsel’s questioning of the State’s expert witness. We first note that there is some question as to whether Defendant properly preserved this issue for review. See Tillman v. State, 471 So.2d 32, 35 (Fla.1985) (concluding that preservation requires a contemporaneous objection and a specific legal argument stated). To the extent Defendant may have preserved this issue, we review the court’s decision for an abuse of discretion. See Holley v. State, 48 So.3d 916, 920 (Fla. 4th DCA 2010) (“The trial court has broad discretion in determining the relevance of evidence[.]”). Again, no abuse of discretion occurred. The questions of the witness that defense counsel was precluded from posing would do no more than show that, twenty years ago, the Sexual Assault Treatment Center used a doctor to treat alleged victims, whereas the State’s witness in the instant case was a nurse practitioner. There is no basis for finding that the trial court’s sustaining the State’s challenge to the relevance of the defense’s questions is an abuse of discretion.
Having heard the testimony of the victim and her mother and having examined an incriminating note, the jury found Defendant guilty of two counts of sexual battery on a person older than twelve but less than eighteen years of age by a person in familial or custodial authority. Based on the foregoing, we find no basis to reverse this conviction.

Affirmed.

LEVINE and CONNER, JJ„ concur.