DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEPHEN PEARLMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-1581

[ February 11, 2015 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 2010CF012071AMB.

Robin Bresky and Randall Burks of the Law Offices of Robin Bresky, Boca Raton, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Stephen Pearlman appeals his convictions and sentences for three counts of lewd or lascivious battery on a person 12 or older but less than 16. We affirm on all issues presented.

Without further comment, we reject appellant's challenge to the sufficiency of the evidence as to the victim's age at the time of the offenses, and we find no error in the trial court's denial of appellant's motion for discharge on speedy trial grounds. We further find no error or abuse of discretion regarding any of the sentencing issues raised by appellant.

We write primarily to address appellant's argument that the trial court abused its discretion in limiting defense counsel's cross-examination of the victim regarding anatomical terminology critical to the elements of the crimes. We find that this issue was not properly preserved, because appellant never proffered the testimony he sought to elicit from the victim and the substance of that testimony is not apparent from the record. *See Finney v. State,* 660 So. 2d 674, 684 (Fla. 1995) (rejecting claim

challenging the trial court's refusal to allow the defense to cross-examine the victim about her initial description of the attacker: "The claim is not properly before the Court because Finney never proffered the testimony he sought to elicit from the witness and the substance of that testimony is not apparent from the record."); *but compare Coxwell v. State*, 361 So. 2d 148, 151-52 (Fla. 1978) (reversing for a new trial despite the state's argument that "no proffer was made of matters which the defense intended to establish by the proposed cross-examination," and holding that "where a criminal defendant in a capital case, while exercising his sixth amendment right to confront and cross-examine the witnesses against him, inquires of a key prosecution witness regarding matters which are both germane to that witness' testimony on direct examination and plausibly relevant to the defense, an abuse of discretion by the trial judge in curtailing that inquiry may easily constitute reversible error").

As our supreme court explained in *Finney*: "Without a proffer it is impossible for the appellate court to determine whether the trial court's ruling was erroneous and if erroneous what effect the error may have had on the result." 660 So. 2d at 684.

We have considered *Holley v. State*, 48 So. 3d 916, 920-21 (Fla. 4th DCA 2010), but we deem it inapplicable. There, we found the trial court's error in limiting defense counsel's cross-examination of a witness to be sufficiently preserved notwithstanding the fact that defense counsel did not proffer the questions to be asked. However, in that case, the substance of the excluded evidence—that the witness failed to appear for a defense deposition even when the trial court ordered her to appear—was apparent from the context, and the excluded evidence was relevant to show the witness's motive, bias, and lack of trustworthiness.

Here, by contrast, the substance of the excluded evidence was not apparent from the context. Because there was no proffer of the victim's testimony as to her knowledge of her anatomy, we, as an appellate court, cannot determine that, if the trial court erred in refusing to allow her to answer the questions, her answers would have had any effect on the result. Furthermore, even if the victim did not know the correct nomenclature, her testimony suggests that she sufficiently understood the difference between the outside and inside of her genitalia.

Based on the foregoing, we affirm appellant's convictions and sentences.

*Affirmed.*

WARNER, TAYLOR and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***